IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| KATHLEEN KEETER, individually and on behalf of all others similarly situated, | : | **Case No. 1-21-cv-0269-LO-TCB** |
| Plaintiff, | : | |
| v. | : | |
| GERBER PRODUCTS COMPANY, | : | |
| Defendant. | : | |
| JAMIE MOORE, individually and on behalf of all others similarly situated, | : | **Case No. 1-21-cv-0277-LO-TCB** |
| Plaintiff, | : | |
| v. | : | |
| GERBER PRODUCTS COMPANY, | : | |
| Defendant. | : | |

**BRIEF IN SUPPORT OF UNOPPOSED MOTION OF PLAINTIFFS KATHLEEN KEETER AND JAMIE MOORE TO CONSOLIDATE ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2)**

Plaintiffs Kathleen Keeter and Jamie Moore (collectively, "Plaintiffs"), by their counsel, respectfully submit this brief in support of their motion to consolidate these actions, pursuant to Federal Rule of Civil Procedure 42(a)(2). Pursuant to Local Civil Rule 7(E), counsel for the parties' conferred regarding the substance of Plaintiffs' motion and defense counsel have represented that they do not oppose Plaintiffs' motion to consolidate these actions.

### Pursuant to Federal Rule of Civil Procedure 42, This Court Has Broad Power to Consolidate Actions in this Court

Federal Rule of Civil Procedure 42(a) states, "[i]f actions before the court involve a common question of law or fact, the court may… (2) consolidate the actions." The Fourth Circuit

1

has held that "District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district." *A/S J. Ludwig Mowinckles Rederi v. Tidewater Construction Corp.*, 559 F.2d 928, 933 (4th Cir. 1977). The Fourth Circuit further held that in exercising its discretion, the district court's analysis is guided by the following criteria:

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. See Fed.R.Civ.P. 42; see generally 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil §2383 (1971).

*Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982).

These two actions have been filed in the District in which Defendant Gerber Products Company ("Gerber") has its corporate headquarters, at 1812 North Moore Street, Rosslyn, Virginia, a part of Arlington County. The two actions arise from the same events and present numerous common factual and legal questions relating to the subject baby food products manufactured by Gerber ("the Baby Food Products"), including the following as outlined in Plaintiffs' respective complaints:

a. Whether Defendant owed a duty of care;

b. Whether Defendant knew or should have known that the Baby Food Products contained heavy metals;

c. Whether the Baby Food Products contain dangerous levels of toxic heavy metals;

d. Whether the marketing, advertising, packaging, and other promotional materials for the Baby Food Products are deceptive;

e. Whether Defendant's actions violate the state consumer fraud statutes identified in the complaints;

f. Whether Defendant's actions constitute common law fraud;

      g.      Whether Plaintiffs and members of the Classes were damaged by Defendant's conduct as alleged in the complaints;

      h.      Whether Defendant was unjustly enriched at the expense of Plaintiff and the members of the Classes; and

      i.      Whether Plaintiff and the members of the Classes are entitled to injunctive relief.

*See* Keeter Complaint at ¶ 88; Moore Complaint at ¶ 86. The two actions similarly both demand a trial by jury. Given the breadth of these common issues raised in these two, already related actions, "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one" all weigh in favor of consolidation. *Arnold v. Eastern Air Lines, supra*, 681 F.2d at 193.

      Further, named plaintiffs in other litigation involving Gerber Baby Food Products, as well as similar products made by other manufacturers, have recently sought to have all related actions centralized in a MDL proceeding. *See In re: Baby Food Marketing, Sales Practices and Production Liability Litigation*, MDL No. 2997, D.E. 1. Multi-District Litigation is not, however, a foregone conclusion, given recent ruling by the Judicial Panel on Multidistrict Litigation ("JPML") in multi-defendant cases. *See, e.g.*, *In re: COVID-19 Business Interruption Protection Insurance Litigation*, MDL No. 2942, D.E. 772. Indeed, in its initial scheduling order in this matter, the JPML specifically directed that "[i]n their briefs, the parties should address what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases)." *See* MDL No. 2997, D.E. 3. Plaintiffs accordingly submit that consolidating these actions not only will lead to more efficient litigation before this Court, but it

will also allow the Parties to present the JPML with an alternative to centralizing all the actions in a single MDL proceeding.

## Conclusion

For each and all the foregoing reasons, Plaintiffs' motion for consolidation is well-taken and should be granted.

| | |
|---|---|
| **Dated: March 11, 2021** | **Bonnett Fairbourn Friedman & Balint PC** |
| | |
| | */s/Francis J. Balint, Jr.* |
| | Francis J. Balint, Jr. |
| | Joshua Gunnell House, Suite 4 |
| | 4023 Chain Bridge Road |
| | Fairfax, VA 22030 |
| | Telephone: (602) 776-5903 |
| | Fax: (602) 274-1199 |
| | Email: fbalint@bffb.com |
| | |
| | and |
| | |
| | Patricia N. Syverson |
| | 600 W. Broadway, Suite 900 |
| | San Diego, CA 92101 |
| | Telephone: (619) 798-4593 |
| | Email: psyverson@bffb.com |
| | |
| | and |
| | |
| | Elaine A. Ryan |
| | 2325 E. Camelback Rd., Suite 300 |
| | Phoenix, AZ 85016 |
| | Telephone: (602) 274-1100 |
| | Email: eryan@bffb.com |
| | |
| | **Barrack, Rodos & Bacine** |
| | Mark R. Rosen |
| | Jeffrey W. Golan |
| | Jeffrey A. Barrack |
| | Julie B. Palley |
| | 3300 Two Commerce Square |
| | 2001 Market Street |

Philadelphia, PA  19103
Telephone:  (215) 963-0600
Fax:  (215) 963-0838
mrosen@barrack.com
jgolan@barrack.com
jbarrack@barrack.com
jpalley@barrack.com

   and

Stephen R. Basser
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Fax: (619) 230-1874
sbasser@barrack.com

John G. Emerson
**Emerson Firm, PLLC**
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800)-551-8649
Fax: (501)-286-4659
jemerson@emersonfirm.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic mail notice list

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 11, 2021.

                                         s/*Francis J. Balint, Jr.*
                                         Francis J. Balint, Jr.