# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE GERBER PRODUCTS COMPANY HEAVY METALS BABY FOOD LITIGATION<br><br>THIS DOCUMENT RELATES TO: | Master File No. 1:21-cv-0269 |
| *Keeter v. Gerber Products Company* | Case No.: 1:21-cv-00269-LO-TCB |
| *Moore v. Gerber Products Company* | Case No.: 1:21-cv-00277-LO-TCB |
| *Hazely, et al. v. Gerber Products Company* | Case No.: 1:21-cv-00321-LO-TCB |
| *R. Bryan, et al. v. Gerber Products Company* | Case No.: 1:21-cv-00349-LO-TCB |
| *Adams v. Gerber Products Company* | Case No.: 1:21-cv-00410-LO-TCB |
| TERESA WILSON, RYAN SANDERS, SUSAN CANADA, TIFFANIE SKIBICKI, ANGEL WILSON, LISA GRAY, SHAWWANA KOONTZ, KRISTINE PAUL, HEATHER LOWREY, JOLINA MANLEY, JEAN LEFFINGWELL, JESSICA DAVID, SOMMER MCGURL, HAYLEY PFIEFER and CASSANDRA MARTELL individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>GERBER PRODUCTS COMPANY; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 1:21-cv-00372-LO-IDD |

| | |
|---|---|
| ALEXIS BRYAN, MILISSA DUCASSE, and TALLY ROKOCZ, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>GERBER PRODUCTS COMPANY,<br><br>    *Defendant*. | Case No.: 1:21-cv-00478-LO-TCB |
| JEREMY CANTOR; ASHLEY ALLEN; EMILY BACCARI; KAITLYNN CARSON; AMBER CAUDILL; NEISHA DANIELS; FELICIA DYKES; JILLIAN GEFFKEN; JESSICA GOODPASTURE; HANNAH GRANDT; DOMINICK GROSSI; GALENA GUTIERREZ; ANTHONY HARRISON; CHRISTINA HOLLAND; HEATHER HYDEN; MERCEDES JONES, LISA LOSIEWICZ; HEATHER MCCORMICK; TERRIE MCDONALD; HALEY SAMS; VITO SCAROLA; BAYLEE SCHAEFER; NATALIA STOROSHKO; and ARIANE THOMAS, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>GERBER PRODUCTS COMPANY,<br><br>    *Defendant*. | Case No.: 1:21-cv-00489-LO-TCB |

**DEFENDANT GERBER PRODUCTS COMPANY'S MOTION AND [PROPOSED] ORDER TO RESET DEADLINES AND CONSOLIDATE OR, IN THE ALTERNATIVE, TO EXTEND GERBER'S TIME TO MOVE, ANSWER, OR OTHERWISE RESPOND TO THE CONSOLIDATED CLASS ACTION COMPLAINT AND THE *WILSON* COMPLAINT TO ALIGN WITH GERBER'S RESPONSE DEADLINES IN THE RELATED *CANTOR* AND *A. BRYAN* ACTIONS**

COMES NOW, Defendant Gerber Products Company ("Gerber"), by and through undersigned counsel, and moves this Court for an order **vacating Gerber's deadlines to move, answer, or otherwise respond to the complaints** in each of the above-captioned actions; and ordering that, if the Court denies Gerber's pending Motion to Transfer Venue to the District of New Jersey, **all of the above-captioned related actions be consolidated and deadlines set** for:

    (i)   plaintiffs to move for appointment of interim lead counsel;

    (ii)  plaintiffs to file an amended consolidated complaint; and

    (iii) Gerber to move, answer, or otherwise respond to the amended consolidated complaint.

In the alternative, Gerber moves this Court for an order **extending Gerber's deadlines to move, answer, or otherwise respond** to the Consolidated Class Action Complaint in *In Re: Gerber Products Company Heavy Metals Baby Food Litigation*, Master File No. 1:21-cv-0269, and the complaint in *Wilson, et al. v. Gerber Products Company*, No. 1:21-cv-00372, **from June 28, 2021 and July 15, 2021, respectively, to July 20, 2021**, to align with Gerber's July 20, 2021 deadline to move, answer, or otherwise respond to the substantially similar complaints in *Alexis Bryan, et al. v. Gerber Products Company*, Case No. 1:21-cv-00478, and *Cantor, et al. v. Gerber Products Company*, Case No. 1:21-cv-00489.

   In support, Gerber states as follows:

    (1)     On March 15, 2021, this court consolidated *Keeter v. Gerber Products Company*, Case No. 1:21-cv-00269 ("*Keeter*"), and *Moore v. Gerber Products Company*, 1:21-cv-00277 ("VA *Moore*"), in *In re Gerber Products Company Heavy Metals Baby Food Litigation*, Master File No. 1:21-cv-00269 ("Consolidated Action," lead docket *Keeter v. Gerber Products Company*, Case No. 1:21-cv-00269 ("*Keeter* Dkt."), ECF Nos. 29, 30, 31);

(2) On May 12, 2021, the *Keeter* and VA *Moore* plaintiffs, as well as the plaintiffs in *Hazely, et al. v. Gerber Products Company*, Case No. 1:21-cv-00321 ("*Hazely*"), *Renee Bryan, et al. v. Gerber Products Company,* Case No. 1:21-cv-00349 ("*R. Bryan*"), and *Adams v. Gerber Products* Company, Case No. 1:21-cv-00410 ("*Adams*"), and several plaintiffs who had not previously filed a related complaint against Gerber in this Court, filed a Consolidated Class Action Complaint in the Consolidated Action (*Keeter* Dkt., ECF No. 23). On May 24, 2021, the Court consolidated *Hazely*, *R. Bryan*, and *Adams* with *Keeter* and VA *Moore* in the Consolidated Action (*id.*, ECF No. 32). Gerber's deadline to move, answer, or otherwise respond to the Consolidated Class Action Complaint in the Consolidated Action is June 28, 2021 (*id.* ECF No. 16);

(3) There are three additional related actions pending in this Court that have not been consolidated with the Consolidated Action: (1) *Wilson, et al. v. Gerber Products Company*, No. 1:21-cv-00372 ("*Wilson*"); (2) *Alexis Bryan, et al. v. Gerber Products Company*, Case No. 1:21-cv-00478 ("*A. Bryan*"); and (3) *Cantor, et al. v. Gerber Products Company*, Case No. 1:21-cv-00489 ("*Cantor*"). Gerber's deadlines to move, answer, or otherwise respond to the complaints in these actions are July 15, 2021 (*Wilson*) and July 20, 2021 (*A. Bryan* and *Cantor*) (*Wilson* Dkt., ECF No. 25; *A. Bryan* Dkt., ECF No. 18; *Cantor* Dkt., ECF No. 11);

(4) The complaints in each of the above-captioned actions plead nearly identical allegations—that Gerber allegedly misrepresented or failed to disclose that its baby food products allegedly contain high levels of certain naturally occurring heavy metals and that plaintiffs would not have purchased Gerber's baby food products but for the alleged

misrepresentations and omissions.[1]  All of the above-captioned cases allege overlapping causes of action requesting duplicative relief, including breach of express warranty, breach of implied warranty of merchantability, fraud by omission, negligent misrepresentation, unjust enrichment, and violation of various states' consumer protection statutes.[2]  Accordingly, all of the above-captioned actions may be appropriately consolidated under Fed. R. Civ. P. 42(a);

(5)     Currently pending is Gerber's Motion to Transfer Venue to the District of New Jersey (*Keeter* Dkt., ECF No. 29; *Wilson* Dkt., ECF No. 12; *A. Bryan* Dkt., ECF No. 19; *Cantor* Dkt., ECF No. 12) ("Gerber's Transfer Motion"), which seeks an order transferring venue of all of the above-captioned actions to the District of New Jersey, where the first-filed related action against Gerber arising out of the same or similar operative facts, *Shepard, et al. v. Gerber Products Co.*, No. 2:21-cv-01977-CCC-MF (D.N.J. Feb. 5, 2021) ("*Shepard*"), as well as 10 other related actions, are pending before the Honorable Claire C. Cecchi.  The hearing on Gerber's Transfer Motion in this Court is scheduled for June 25, 2021;

(6)     Currently pending in the District of New Jersey is a fully-briefed motion filed by counsel in *Jessica Moore v. Gerber Products Company* action, No.: 2:21-cv-02516-CCC-MF (D.N.J.) (NJ *Moore*)—also counsel for plaintiff Jamie Moore in the Consolidated Action pending in this Court—to transfer all of the related actions pending in the District of New Jersey to this District.  *See* NJ *Moore* Dkt., ECF No. 8;

---

[1] *Compare Keeter* Dkt., ECF No. 23 ¶ 194 (alleging Gerber's marketing included "misleading, deceptive, unfair and false representations and material omissions" and "reasonable consumers like Plaintiffs . . . would not have purchased [the food] had Gerber been truthful and made full and adequate disclosures"), *with Wilson* Dkt., ECF No. 1 ¶ 21; *A. Bryan* Dkt., ECF No. 1 ¶¶ 41, 43; *Cantor* Dkt., ECF No. 1 ¶ 63, 65 (alleging same).

[2] *See Keeter* Dkt., ECF No. 23 ¶¶ 234, 246, 279, 289, 307, 314-724); *Wilson* Dkt., ECF No. 1 ¶¶ 71, 82, 92, 100, 118, 125-200; *A. Bryan* Dkt., ECF No. 1 ¶¶ 75, 93, 110, 117, 123, 129-216; *Cantor* Dkt., ECF No. 1 ¶¶ 174, 192, 209, 216, 222, 228-401.

(7) On June 16, 2021, counsel for Gerber met and conferred with counsel for plaintiffs in the above-captioned actions concerning Gerber's proposal that plaintiffs stipulate to vacate Gerber's current deadlines to move, answer, or otherwise respond to the complaints in the above-captioned actions and to an order that, if the Court denies Gerber's Transfer Motion, all of the above-captioned actions be consolidated; plaintiffs' deadlines to move for appointment of interim lead counsel and file an amended consolidated complaint be triggered off of the Court's order on Gerber's Transfer Motion; and Gerber's deadline to respond be set for a date following the filing of an amended consolidated complaint;

(8) During the meet and confer, the primary concern expressed by counsel for plaintiff Jamie Moore in the Consolidated Action was that any stipulation to consolidate and extend deadlines not be interpreted as slowing the above-captioned cases down in favor of the related New Jersey cases for purposes of the dueling transfer motions. Counsel for Gerber agreed and advised that Gerber was willing to incorporate that agreement as part of the unopposed motion to make clear that Gerber does not request consolidated and extended deadlines in this Court for the purpose of gaining an advantage with respect to Gerber's pending Transfer Motion;

(9) During the meet and confer, counsel for the *Cantor*, *A. Bryan*, and *Adams* plaintiffs indicated their agreement to Gerber's proposed unopposed motion—that the Court should resolve Gerber's Transfer Motion first, that the related cases should be consolidated, a single amended consolidated complaint filed, and only then that Gerber respond to a single amended complaint, and that the filing of a motion to dismiss by Gerber on June 28, 2021 would be "premature." Plaintiffs' counsel requested time to meet and confer amongst themselves, to which Gerber consented;

(10) On June 17, 2021, counsel for Gerber sent counsel for plaintiffs a proposed unopposed motion to reset deadlines and consolidate. On June 18, 2021, Mark Rosen of Barrack, Rodos & Bacine, counsel for Jamie Moore in the Consolidated Action, sent a letter to counsel for Gerber advising, on behalf of all plaintiffs in the above-captioned actions, that plaintiffs "oppose any such motion at this time" (*see* Exhibit A hereto). The sole basis for plaintiffs' opposition was that "Plaintiffs believe that all of the existing deadlines should remain in place, and see no reason why Gerber should not answer or otherwise plead to the [complaints by their current deadlines" (*id.*). Plaintiffs' counsel did not address Gerber's position that it would be inefficient to proceed with briefing a motion to dismiss, or multiple motions to dismiss absent consolidation, until after it was resolved whether the so-called "heavy-metal" cases would be heard in this Court or in the District of New Jersey;

(11) In the motion to transfer pending in the District of New Jersey, the same counsel that represents plaintiff Jamie Moore in the Consolidated Action pending in this Court argued that "the actions against Gerber in [the District of New Jersey] should be consolidated, and then transferred *for resolution on the merits with the pending consolidated actions against Gerber in the Eastern District of Virginia*" (*see* Exhibit B hereto, p. 2 (emphasis added)). Plaintiffs' counsel thus concedes that if Judge Cecchi grants the NJ *Moore* plaintiff's motion to transfer the New Jersey cases to this Court, the transferred cases should be resolved together with the related cases currently pending in this Court—not piecemeal;

(12) On May 21, 2021, Judge Cecchi ordered that all of the class actions then-pending in the District of New Jersey, and any other class action thereafter filed in, removed to, or transferred to the District of New Jersey, that arise out of the same or similar operative facts as *Shepard*, be consolidated, and set the following deadlines:

    a. No plaintiffs shall move for appointment of interim lead counsel until thirty (30) days after the court rules on the motion to transfer the New Jersey actions to the Eastern District of Virginia;

    b. Plaintiffs shall not file a consolidated complaint until thirty (30) days after appointment of interim lead counsel; and

    c. In the interim, Gerber need not file a response to the complaint in each related action and instead shall move, answer, or otherwise respond to any consolidated complaint no later than sixty (60) days following service of a consolidated complaint.

(*See* Exhibit C hereto, p. 6, ¶ 5.) Accordingly, if this Court grants Gerber's Transfer Motion, the above-captioned actions will be consolidated with the related actions pending in the District of New Jersey, and Gerber will not be required to move, answer, or otherwise respond to plaintiffs' claims until after such consolidation, after the court appoints interim lead counsel, and after the filing of a consolidated complaint encompassing plaintiffs' claims. The same law firm representing Jamie Moore in the Consolidated Action pending before this Court, and Jessica Moore in the NJ *Moore* action, *stipulated* to this open-ended deadline for Gerber to respond to its client's claims against Gerber pending in the District of New Jersey (*see id.* at 7), but is unwilling to stipulate to equivalent treatment in the Consolidated Action pending here;

    (13)    On June 7, 2021, the Judicial Panel on Multidistrict Litigation ("JPML") denied a motion to transfer the above-captioned and related actions pending against Gerber and other baby food manufacturers to the Eastern District of New York for consolidated pretrial proceedings, holding industry-wide consolidation was not appropriate and ordering that "transfer under Section 1404 or the first-to-file doctrine"—the bases for Gerber's pending Transfer

Motion—"is preferable to Section 1407 centralization" of single-defendant actions, and "it is better to allow the parties' attempts to self-organize play out" (*see* Exhibit D hereto, p. 4);

(14)  Prior to, and following, the JPML's order, Gerber has secured several stipulations and court orders (over the objections of plaintiffs) to transfer related actions pending against Gerber to the District of New Jersey pursuant to the first-to-file rule, including:

- a. *McNealy v. Gerber Products Company*, No. 2:21-cv-09064-CCC-MF (D.N.J.), transferred by stipulation on April, 12, 2021, from the District of Minnesota to the District of New Jersey;

- b. *Kelly v. Gerber Products Company*, No. 2:21-cv-12504-CCC-MF (D.N.J.), transferred by order of the U.S. District Court for the Southern District of Florida on June 11, 2021, to the District of New Jersey;

- c. *Robbins v. Gerber Products Company, et al.*, No. 2:21-cv-12666-CCC-MF (D.N.J.), transferred by order of the U.S. District Court for the Central District of California with respect to plaintiff's claims against Gerber on June 16, 2021, to the District of New Jersey; and

- d. *Eldridge v. Gerber Products Company, et al.*, No. 1:21-cv-00283-TJM-CFH (N.D.N.Y.), stipulation to transfer plaintiff's claims against Gerber to the District of New Jersey pending;

(15)  Requiring Gerber to respond to one or more of the complaints in the above-captioned actions before the transfer and consolidation process is complete would be inconsistent with the schedules set by several other federal courts overseeing similar sets of putative class actions pending against other baby food manufacturers in those courts (in addition to the District of New Jersey):

a. On March 19, 2021, the U.S. District Court for the Northern District of New York consolidated all then-pending and future-filed, -transferred, or -removed related actions pending there against Beech-Nut Nutrition Company ("Beech-Nut") and ordered that "Beech-Nut need not file a response to the complaint in each Related Action and instead shall answer, move or otherwise respond to any Consolidated Complaint no later than sixty (60) days following service of the Consolidated Complaint, or by no later than May 15, 2021, whichever is later" (*see* Exhibit E hereto, ¶ 5). The same law firm representing Jamie Moore in the Consolidated Action pending before this Court, and Jessica Moore in the NJ *Moore* action, *stipulated* to this open-ended deadline for Beech-Nut to respond to its client's claims against Beech-Nut pending in the Northern District of New York, yet refuses to stipulate to such a reasonable schedule in the Consolidated Action pending here; and

b. On May 13, 2021, the U.S. District Court for the Eastern District of New York consolidated all of the non-personal injury putative class actions asserting claims against The Hain Celestial Group, Inc. only pending in that court and ordered that "[m]otions to appoint interim lead counsel pursuant to Federal Rule of Civil Procedure 23(g) shall be filed within fourteen (14) days from the date of this Order; and [t]he Court will issue a deadline for interim lead counsel to file a Consolidated Amended Complaint within forty-five (45) days after its ruling on the appointment of interim lead counsel" (*see* Exhibit F hereto, ¶¶ 8-9);

(16) Gerber expects that all of the putative class actions asserting claims against Gerber for alleged misrepresentations and omissions concerning the presence and/or levels of heavy metals in its baby food products—including the above-captioned actions and the related actions pending in the District of New Jersey—will eventually be consolidated in a single district as a result of any remaining stipulations or motions to transfer to be filed and this Court's and Judge Cecchi's rulings on the dueling motions to transfer pending in this District and the District of New Jersey.  Upon such consolidation, a single consolidated class action complaint should be filed to preserve judicial and party resources, promote judicial economy, avoid duplicative pleadings, motions, and discovery proceedings, and streamline adjudication of related matters, and Gerber should not be required to move, answer, or otherwise respond to any of the complaints in the pending related actions until all of the related actions are consolidated and a single consolidated complaint is filed.  Requiring Gerber to respond to any of the complaints in the pending related actions before plaintiffs in these and the dozens of related actions pending against Gerber across the country finish the process of consolidating those related actions through the first-to-file rule and/or 28 U.S.C. § 1404(a) would waste party and judicial resources, and undermine the thrust of the JPML's order that "it is better to allow the parties' attempts to self-organize play out." (Exhibit D hereto, p. 4); and

(17) A Proposed Order granting this Motion is attached hereto as Exhibit G.

(18) WHEREFORE, Gerber respectfully moves this Court for an order that:

    a. Gerber's deadlines to move, answer, or otherwise respond to the complaints in the above-captions actions are vacated; and

    b. If the Court denies Gerber's Transfer Motion:

    i. All of the above-captioned actions, and any other class action arising out of the same or similar operative facts hereafter filed in, removed to, or transferred to this District, shall be consolidated pursuant to Fed. R. Civ. P. 42(a) with the Consolidated Action;

    ii. Plaintiffs shall file any motions for appointment of interim lead counsel on or after thirty (30) days after this Court issues an order on Gerber's Transfer Motion;

    iii. Plaintiffs in all of the consolidated cases shall file an Amended Consolidated Class Action Complaint on or after thirty (30) days after appointment of interim lead counsel; and

    iv. In the interim, Gerber need not file a response to the complaints in each of the above-captioned actions and instead shall move, answer, or otherwise respond to the Amended Consolidated Class Action Complaint no later than sixty (60) days following service of the Amended Consolidated Class Action Complaint.

(19)    In the alternative, Gerber requests the Court extend Gerber's deadlines to move, answer, or otherwise respond to the Consolidated Class Action Complaint in the Consolidated Action and the Wilson complaint, from June 28, 2021 and July 15, 2021, respectively, to July 20, 2021, to align with Gerber's July 20, 2021 deadline to move, answer, or otherwise respond to the substantially similar complaints in *A. Bryan* and *Cantor*.

Dated:  June 18, 2021	WHITE & CASE LLP

By: /s/ Kathryn J. Mims
Kathryn J. Mims
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
T: (202) 626-3704
F: (202) 639-9355
kmims@whitecase.com

Bryan A. Merryman
(admitted *pro hac vice*[3])
WHITE & CASE LLP
555 South Flower Street
Suite 2700
Los Angeles, CA 90071
bmerryman@whitecase.com

Attorneys for Defendant
Gerber Products Company

---

[3] Mr. Merryman's *pro hac vice* application in the *Cantor* action was filed on May 21, 2021, but remains pending. Mr. Merryman's applications have been granted in the other cases.

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021, I caused a copy of the foregoing Defendant's Defendant Gerber Products Company's Motion and [Proposed] Order to Reset Deadlines and Consolidate or, in the Alternative, to Extend Gerber's Time to Move, Answer, or Otherwise Respond to the Consolidated Class Action Complaint and the *Wilson* Complaint to Align with Gerber's Response Deadlines in the Related *Cantor* and *A. Bryan* Actions to be filed electronically with the Clerk of the Court via the Court's ECF system which will send notification of such filing to all counsel of record.

By: /s/ Kathryn J. Mims
Kathryn J. Mims