IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: GERBER PRODUCTS COMPANY
HEAVY METALS BABY
FOOD LITIGATION

Master File No. 1:21-cv-269 (MSN/JFA)

Class Action

This Document Relates to ALL Cases

## MEMORANDUM OPINION

Before the Court are three competing motions for the appointment of Interim Class Counsel. Dkt. Nos. 65, 74, 79. Having considered the motions, oppositions, and reply briefs, the Court APPOINTS Steven J. Toll of Cohen Milstein Sellers & Toll, PLLC, Rosemary M. Rivas of Gibbs Law Group LLP, and Janine L. Pollack as Calcaterra Pollack LLP as Interim Co-Lead Counsel.

## I.    BACKGROUND

These proceedings began on March 3, 2021 when Kathleen Keeter filed suit against Defendant Gerber Products Company ("Gerber") alleging Gerber knowingly sold baby food products containing dangerously high levels of heavy metals yet marketed the products as healthy. *See* Compl. (Dkt. No. 1). Twenty-seven cases alleging substantially similar claims were filed in or transferred to this district.[1]

---

[1] The putative class actions originally filed in E.D. Va. are: (1) *Keeter v. Gerber Prods. Co.*, No. 1:21-cv-269; (2) *Moore v. Gerber Prods. Co.*, No. 1:21-cv-277; (3) *Hazely, v. Gerber Prods. Co.*, No. 1:21-cv-321; (4) *Bryan v. Gerber Prods. Co.*, No. 1:21-cv-349; (5) *Wilson v. Gerber Prods. Co.*, No. 1:21-cv-372; (6) *Adams v. Gerber Prods. Co.*, No. 1:21-cv-410; (7) *Bryan v. Gerber Prods. Co.*, No. 1:21-cv-478; (8) *Cantor v. Gerber Prods. Co.*, No. 1:21-cv-489; (9) *Lawson v. Gerber Prods. Co.*, No. 1:21-cv-770; (10) *Abbott v. Gerber Prods. Co.*, No. 1:21-cv-789; (11) *Garces v. Gerber Prods. Co.*, No. 1:21-cv-902; (12) *Dempsey v. Gerber Prods. Co.*, No. 1:21-cv-1080; (13) *Inoa v. Gerber Prods. Co.*, No. 1:21-cv-1171; (14) *Hartwell-Dennis v. Gerber Prods. Co.*, No. 1:21-cv-1173.

The Court directed plaintiffs' counsel to file motions for the appointment of interim lead counsel on or before November 5, 2021. Dkt. No. 63. Oppositions were due on November 12, 2021 and any reply papers were due on November 19, 2021. Dkt. No. 53. Three applications have been submitted.

Melissa S. Weiner (Pearson, Simon & Warshaw, LLP) and Hassan Zavareei (Tycko & Zavareei LLP) have applied to serve as Interim Co-Lead Counsel on behalf of the putative class, with an Executive Committee composed of Michael R. Reese (Reese LLP), Rachel Soffin (Milberg Coleman Bryson Phillips Grossman, PLLC); Annick M. Persinger (Tycko & Zavareei LLP), and Gayle Blatt (Casey Gerry Schenk Francavilla Blatt & Penfield LLP) as Interim Executive Committee members; and Kristi C. Kelly (Kelly Guzzo PLC) as Liaison Counsel. Dkt. No. 66. The Court refers to this counsel collectively as the "WZ Slate."

Erin Green Comite (Scott+Scott Attorneys at Law LLP) and Steven L. Bloch (Silver Golub & Teitell LLP) have applied to serve as Interim Co-Lead Class Counsel with a Plaintiffs' Steering Committee composed of Timothy J. Peter (Faruqi & Faruqi LLP), Melissa R. Clark (Fegan Scott LLC), and Aaron Zigler (Zigler Law Group); and Mark J. Krudys (The Krudys Law Firm, PLC) as Liaison Counsel. Dkt. No. 77. The Court refers to this counsel collectively as the "Comite + Bloch Slate."

---

The putative class actions originally filed in D.N.J. are: (1) *Shepard v. Gerber Prods. Co.*, No. 2:21-cv-1977; (2) *Moore v. Gerber Prods. Co.*, No. 2:21-cv-2516; (3) *Muslin Pierre-Louis v. Gerber Prods. Co.*, No. 2:21-cv-4791; (4) *Fondacaro v. Gerber Prods. Co.*, No. 2:21-cv-5032; (5) *Martin v. Gerber Prods. Co.*, No. 2:21-cv-5846; (6) *Henry v. Gerber Prods. Co.*, No. 2:21-cv-5864; (7) *McNealy v. Gerber Prods. Co.*, No. 2:21-cv-9064; (8) *Wallace v. Gerber Prods. Co.*, No. 2:21-cv-9980; (9) *Douglas v. Gerber Prods. Co.*, No. 2:21-cv-12354; (10) *Kelly v. Gerber Prods. Co.*, No. 2:21-cv-12504; (11) *Robbins v. Gerber Prods. Co.*, No. 2:21-cv-12666; (12) *Eldridge v. Gerber Prods. Co.*, No. 2:21-cv-12910; (13) *Lawrence v. Gerber Prods. Co.*, No. 2:21-cv-13676.

*Michelle McCoy v. Gerber Prods. Co.*, No. 2:21-cv-7568 was originally filed in the Central District of California.

Lastly, Steven J. Toll (Cohen Milstein Sellers & Toll PLLC), Jeffrey W. Golan (Barrack, Rodos & Bacine), Rosemary M. Rivas (Gibbs Law Group LLP), and Janine L. Pollack (Calcaterra Pollack LLP) have applied to serve as Interim Co-Lead Counsel with an Executive Committee composed of Rebecca A. Peterson (Lockridge Grindal Nauen P.L.L.P.), Lori G. Feldman (George Gesten McDonald PLLC), and Michael P. Canty (Labaton Sucharow LLP). Dkt. No. 79-1. The Court refers to this counsel collectively as the "Keeter Movants Slate."

Defendant Gerber takes no position on the motions to appoint Interim Class Counsel. Dkt. No. 86.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 23(g)(3) the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing interim counsel, the Court looks to factors set out in Rule 23(g)(1) to determine the adequacy of counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and, (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

The Court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). These include: "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel . . . as well as whether counsel are qualified and responsible . . . [whether] they will fairly and adequately represent all of the parties on their side, and . . . [whether] their charges will be reasonable." *In re Bank of Am. Corp. Secs., Derivative and ERISA Litig.*, 258

F.R.D. 260, 272 (S.D.N.Y. 2009) (citation and internal quotation marks omitted) (alterations in original).

The Court has "a great deal of flexibility" in appointing counsel. *In re Wells Fargo Wage & Hour Emp. Pracs. Litig. (No. III)*, No. H-11-2266, 2011 WL 13135156, at *3 (S.D. Tex. Dec. 19, 2011). When multiple lawyers or firms submit applications to be made interim counsel and more than one choice of counsel satisfies these requirements the Rule provides that the court "must appoint the applicant best able to represent the interests of the plaintiffs." *City of Providence, Rhode Island v. AbbVie Inc.*, No. 20-CV-5538 (LJL), 2020 WL 6049139, at *4 (S.D.N.Y. Oct. 13, 2020) (internal quotations omitted).

## III.    DISCUSSION

After carefully reviewing the competing motions, the Court is confident that the attorneys and law firms involved are all highly qualified, experienced, professional, and well-regarded in their fields. Selection of any of these options would result in counsel who would zealously advocate for the putative class. Ultimately, however, the Court must choose interim class counsel best able "to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### A.  Plaintiffs' Leadership Structure

As an initial matter, the Court is not persuaded that it is necessary or appropriate at this time to appoint an Executive Committee or Plaintiffs' Steering Committee in addition to Interim Class Counsel.

Committees of counsel "are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *In re 5-Hour Energy Mktg. v. Innovation Venture, LLC*, No. CV 13-4001 PSG (PLAx), 2013 WL 12134144 (C.D. Cal. Nov. 8, 2013) (*quoting* Manual for Complex Litigation (Fourth) § 10.221

(2004)). They "often compete against considerations of efficiency and economy . . . and can lead to substantially increased costs and unnecessary duplication of efforts." *In re Warner Music Grp. Data Breach*, No. 20 CIV. 7473 (PGG), 2021 WL 725728, at *3 (S.D.N.Y. Feb. 22, 2021) (internal quotations and alterations omitted). It is recommended that the Court establish a committee "if the litigation involves numerous complex issues, if there is a substantial amount of work to be done, or if the plaintiffs have different interests that require separate representation." *See* Bolch Judicial Institute, *Guidelines and Best Practices for Large and Mass-Tort MDLs* 33 (2d ed. 2018) ("Duke Guidelines"). Courts routinely deny requests for appointment of executive committees where plaintiffs fail to demonstrate that such appointment is necessary. *In re Beech-Nut Nutrition Co. Baby Food Litig.*, No. 1:21-cv-133-DNH-CFH, ECF # 167 at 15 (N.D.N.Y. Mar. 22, 2022); *In re Plum Baby Food Litig.*, No. 4:21-cv-913-YGR, ECF # 79 at 10 (N.D. Cal. July 30, 2021); *In re Hain Celestial Heavy Metals Baby Food Litig.*, No. 2:21-cv-678, ECF # 150 at 8–10 (E.D.N.Y. Dec. 28, 2021); *Lemberg v. LuLaRoe, LLC*, No. ED CV 17-02102-AB (SHKx), 2018 WL 6927836, *4 (C.D. Cal. Mar. 1, 2018); *In re 5-Hour Energy Mktg.*, 2013 WL 12134144, at *2.

This action does not call for an executive committee. It is comprised of lawsuits with substantially identical common law and state consumer law claims for unjust enrichment and deceptive advertising that "are not so complex as to warrant a multi-firm counsel structure." *Haynie v. Cornell Univ.*, No. 3:20-CV-467, 2020 WL 6043947, at *3 (N.D.N.Y. Oct. 13, 2010). Nor do plaintiffs contend that group members' interests or positions are dissimilar or otherwise conflicting. At this stage of the litigation, this Court finds that appointing an executive committee is neither necessary nor beneficial to the interests of the putative class in this case.

**B.  Appointment of Interim Co-Lead Counsel**

The Court appoints Steven J. Toll of Cohen Milstein Sellers & Toll, PLLC, Rosemary M. Rivas of Gibbs Law Group LLP, and Janine L. Pollack as Calcaterra Pollack LLP as Interim Co-Lead Counsel.

> **1.  The work counsel has done in identifying or investigating potential claims in the action and the involvement of counsel in the litigation process.**

The first factor the Court must consider under Fed. R. Civ. P. 23(g)(1) is the "work counsel has done in identifying or investigating potential claims in the action." The Court also considers involvement in the early stages of the litigation. *City of Providence, Rhode Island v. AbbVie Inc.*, No. 20-cv-5538, 2020 WL 6049139, at * 4 (S.D.N.Y. 2020).

This factor strongly favors the Keeter Movants Slate who have substantially moved the case forward by seeking consolidation of the related actions in this District, filed a comprehensive Consolidated Class Action Complaint, and were the only slate to follow the Court's filing instructions.

Deference may be given to counsel who were the first to file and advance the case. *In re GSE Bonds Antitrust Litigation*, 377 F. Supp. 3d 437, 438 (S.D.N.Y. 2019). However, the cases that comprise this action arose from the findings of a U.S. House of Representatives Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform investigation released on February 4, 2021. *See* Staff of S. Comm. On Econ. and Consumer Pol'y, 117th Cong., *Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury* (Feb. 4, 2021); Consol. Compl. ¶ 11 Accordingly, no plaintiff can assert originality over the claims. *City of Providence, Rhode Island*, 2020 WL 6049139, at *5 (giving no weight to counsel who were the first to file when no plaintiff can claim originality with respect to the claims and the claims are based on publicly filed documents).

The Keeter Movants Slate, however, have made efforts to procedurally advance the case. They researched and filed a consolidated complaint, consulted with potential experts, sent FOIA request letters, and submitted pre-trial state demand letters to Gerber. Dkt. No. 79-1 at 2, 13. While it is true that the Comite + Bloch Slate has conducted testing on baby food samples, Dkt. No. 77 at 4, they have not demonstrated the same amount of resources towards advancing the case.

## 2.   Counsel's Experience and Knowledge of the Applicable Law

The second Rule 23(g)(1)(A) factor directs the Court to consider each applicant's experience in class actions, complex litigation, and the types of substantive claims asserted. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii). The third Rule 23(g)(1)(A) factor addresses counsels' knowledge of the applicable law. Fed. R. Civ. P. 23(g)(1)(A)(iii). Here, it appears that all four firms are knowledgeable about the applicable law and have extensive experience litigating class actions, more specifically consumer fraud cases. Accordingly, counsels' experience in handling class actions and knowledge of the applicable law does not weigh in favor of any one slate.

## 3.   Resources That Counsel Will Commit

The last Rule 23(g)(1)(A) factor looks to the resources counsel will commit to the case. Fed. R. Civ. P. 23(g)(1)(A)(iv).

The Keeter Movants Slate have already invested a substantial amount of resources into the investigation and prosecution of this case. *See* Dkt. No. 79-1 at 2. Counsel are all prominent national class action firms and have the funds and resources to litigate case. They represent that they will continue to expend resources in the best interest of the plaintiffs through the establishment of a litigation fund. Dkt. No 79-1 at 28.

While the WZ Slate and the Comite + Bloch Slate also represent that they will commit the resources necessary to pursue this matter at an expeditious pace, the Court is not persuaded they

are as capable of doing so. First, the Court is concerned that with a combined total of thirty-one attorneys across Ms. Weiner's and Mr. Zavareei's firms the WZ Slate will not be able to commit the time and resources necessary to expeditiously advance this action. *See* Dkt. No. 93 at 11. Second, proposed lead counsel on the Comite + Bloch Slate already serve in leadership positions in related litigation against other alleged sellers of toxic baby food. Dkt. No. 77 at 6. It is unclear whether the Comite + Bloch Slate will have sufficient time and resources available to devote to this action were they to be appointed interim lead counsel. The Court encourages the Comite + Bloch Slate to share their lessons from the related litigations to help "streamline this case and benefit the class." Dkt. No. 77 at 6.

Accordingly, the Court finds that the fourth Rule 23(g)(1)(A) factor weighs strongly in favor of appointing Steven J. Toll, Rosemary M. Rivas, and Janine L. Pollack as Interim Co-Lead Class Counsel.

In summary, the first Rule 23(g)(1)(A) factor weighs in favor of the Keeter Movants Slate, the second and third factors are neutral, and the fourth factor weighs in favor of the Keeter Movants Slate. The Court is persuaded that the interests of the putative class members will be best served by appointing the Keeter Movants Slate.

### C.  The Keeter Movants Slate

As discussed above, the Court has "a great deal of flexibility" in appointing counsel. *In re Wells Fargo Wage & Hour Emp. Pracs. Litig. (No. III)*, 2011 WL 13135156, at *3. In deciding whom to appoint, the Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), including counsel's "capabilities," *In re Bank of Am. Corp. Securities, Derivative and ERISA Litig.*, 258 F.R.D. at 272, and the diversity of proposed counsel. *See In re J.P. Morgan Chase Cash Balance Litig.*, 242

F.R.D. 265, 277 (S.D.N.Y. 2007) (stating that "it is important to all concerned that there is evidence of diversity, in terms of race and gender, of any class counsel [the court] appoint[s]").

The Court's primary goal in determining the appropriate leadership structure for class counsel is "to ensure that the litigation will be managed efficiently and effectively without jeopardizing fairness to the parties." Manual for Complex Litig. § 10.224, 25 (2004). A four-person co-lead structure as proposed by the Keeter Movants Slate has the potential for inefficiencies and cumbersome decision making. *See* Duke Guidelines at 32. This action is a "straightforward, single-defendant consumer action" requiring a fairly simple structure. Dkt. No. 92 at 6. Accordingly, the Court finds a three-person co-lead structure is appropriate.

Steven J. Toll, Rosemary M. Rivas, and Janine L. Pollack together will best represent the interests of the putative class. Ms. Rivas and Ms. Pollack have significant experience and knowledge litigating class action cases involving food mislabeling and consumer fraud. *See* Dkt. No. 79-1 at 16, 20. Ms. Pollack, specifically, will bring to this case her experience litigating similar claims in *In re Plum Baby Food Litigation*. No. 21-cv-913-YGR (N.D. Cal.); *id.* at 20. Appointing Mr. Toll, Ms. Rivas, and Ms. Pollack also advances the important goal of ensuring that counsel provide a broad spectrum of experience in their representation of the putative class. Further, Mr. Toll is a member of the Virginia Bar, has extensive familiarity with the Court's practices, and has offices close to the Court.

Although all the attorneys proposed in the Keeter Movants Slate are no doubt skilled, the Court finds a three-person structure is appropriate. However, the Court expects that the members of the selected leadership structure will work with *all* the attorneys involved in this consolidated action to benefit from their experience and wisdom.

IV.     **CONCLUSION**

For the reasons stated above, the Court APPOINTS Steven J. Toll, Rosemary M. Rivas, and Janine L. Pollack as Interim, Co-Lead Class Counsel, and otherwise DENIES the motions for appointment of Interim Class Counsel.

An appropriate order shall issue.

_____/s/_____

Hon. Michael S. Nachmanoff<br>
United States District Judge

Alexandria, Virginia<br>
May 10, 2022