COHENMILSTEIN

Steven J. Toll
Partner
Cohen Milstein Sellers & Toll, PLLC
stoll@cohenmilstein.com

May 16, 2022

Honorable Judge Michael S. Nachmanoff
United States District Court
Eastern District of Virginia
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

   Re:    *In re Gerber Products Company Heavy Metals Baby Food Litig.,* 1:21-cv-00269-MSN-JFA

Dear Judge Nachmanoff,

On behalf of co-lead counsel in the above matter, we write this letter to request an in-person (or virtual) status conference to discuss the Court's Order for filing a Consolidated Amended Complaint by May 24, 2022. ECF No. 101. Plaintiffs wish to suggest an alternative way to proceed, such as using a Representative Complaint as Judge Trenga ordered in *In re: Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Practices, and Products Liab. Litig.*, No. 15-md-02627, ECF No. 10 (E.D. Va. July 2, 2015) ("*Lumber Liquidators*"). Judge Trenga explained:

> Likewise, the Court is considering requiring defendants to file an answer on a consolidated basis by answering a single representative complaint or a generic complaint, to be prepared, that contains factual allegations common to all cases or classes of cases. Lead Counsel shall confer and report in writing to the Court on or before September 14, 2015, their positions on proceeding in this fashion. Any other counsel may file objections or comments to Lead Counsel's submissions on or before September 21, 2015, provided counsel has attempted in good faith to resolve and [sic] objections or concerns with their Lead Counsel and certifies in writing having done so.

*Id.* at 20.

The defendant in *Lumber Liquidators* opposed this idea, *see id.*, ECF No. 516, but the court proceeded, noting its expectation that "the representative claims will be selected from those states with the largest number of Lumber Liquidator stores or with other characteristics that would capture a disproportionate number of potential class members and best allow common issues to be addressed." *Id.*, ECF No. 528 at 2 (E.D. Va. Sept. 3, 2015). By adopting this procedure, the Court avoided briefing on over twenty state laws and instead initially focused the litigation on a handful of states thus making the case more manageable from the outset, as the rulings on those claims would clearly impact the claims that would eventually be made in the other states.

Sales data for Lumber Liquidators on the products at issue corresponded with population data, leading to the inclusion of the five largest states—California, Texas, Florida, New York, and Illinois—for purposes of motion practice and discovery. These states also represented the spectrum on state laws regarding consumer protection. After ruling on summary judgment, the Court inquired if there were any non-personal injury plaintiffs who believed the findings did not apply to their state law claims, and none answered that the findings did not apply. *See id.*, ECF No. 1133. Judge Trenga followed a similar path in *In re Capital One Consumer Data Security Breach Litig.*, 19-md-2915, ECF No. 302 (E.D. Va. Jan. 29, 2020), despite the defendant's opposition. ECF No. 297 (Jan, 27, 2020).

Other courts have adopted a variation of Judge Trenga's approach where a master complaint was filed, but motion practice was limited to certain states or claims. *See, e.g., In re: Marriott International Customer Data Security Breach Litig.*, No. 19-md-2879, ECF No. 37 (D. Md. Aug. 5, 2019) (selecting ten bellwether claims); *In re: Apple Inc. Device Performance Litig.*, No. 18-md-02827 (N.D. Cal.) (June 19, 2018 Tr. at 4-5) (asking plaintiffs to select "the strongest claims that plaintiffs would like to advance," which subsequently resulted in narrow motion practice); *In re: Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617, ECF No. 326 at 2 (N.D. Cal., Oct. 25, 2015) (ordering the parties to each select five claims for a bellwether process);*In re: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litig.,* No. 3:18-md-2828-SI, ECF No. 186 at 3 (D. Or.) (in the interests of judicial efficiency and economy, adopting parties' proposal to limit briefing on motion to dismiss to nationwide claims and three state statutory claims selected by each party).

Plaintiffs here suggest following Judge Trenga's model. Plaintiffs raised this idea today with defense counsel for Defendant Gerber and await a response. Plaintiffs request an in-person (or virtual) status conference (preferably anytime other than this Thursday or Friday) on this topic

COHENMILSTEIN

Honorable Judge Michael S. Nachmanoff
May 16, 2022
Page 3

and suggest that the Court grant a short extension of the May 24, 2022 date for the filing of a Consolidated Amended Complaint until it determines the process it wishes the parties to follow. We discussed this with defense counsel today and they have no objection to a short extension for this purpose. Thank you for your consideration of this request.

Sincerely,

/s/ Steven J. Toll
Steven J. Toll
Janine Pollack
Rosemary Rivas

Cc: Bryan Merryman
Kim Havlin