IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: GERBER PRODUCTS COMPANY HEAVY METALS BABY FOOD LITIGATION<br><br>This Document Relates to ALL Cases | Master File No. 1:21-cv-00269 (MSN/JFA) |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 1**

**1.     Consolidation/Subsequent Related Actions.**  By Orders dated March 15, 2021 (ECF No. 8) and May 24, 2021 (ECF No. 32), the Court consolidated five cases filed in the Eastern District of Virginia.[1]  By Order dated October 29, 2021 (ECF No. 63), the Court consolidated, *sua sponte*, an additional eight cases filed in this District[2] and 13 cases that were

---

[1] The cases originally filed in this Court and consolidated by Orders dated March 15, 2021 and May 24, 2021 are: *Keeter v. Gerber Products Company*, Case No. 1:21-cv-0269; *Moore v. Gerber Products Company*, Case No. 1:21-cv-0277; *Hazely, et al. v. Gerber Products Company*, Case No. 1:21-cv-00321; *Bryan, et al. v. Gerber Products Company*, Case No. 1:21-cv-00349; and *Adams v. Gerber Products Company*, Case No. 1:21-cv-00410.

[2] The additional actions filed in this District and consolidated *sua sponte* by the Court are: *Cantor, et al. v. Gerber Products Company*, Case No. 1:21-cv-00489; *Abbott, et al. v. Gerber Products Company*, Case No. 1:21-cv-00789; *Dempsey, et al. v. Gerber Products Company*, Case No. 1:21-cv-01080; *Inoa, et al. v. Gerber Products Company*, Case No. 1:21-cv-01171; *Wilson, et al. v. Gerber Products Company*, Case No. 1:21-cv-00372; *Bryan, et al. v. Gerber Products Company*, Case No. 1:21-cv-00478; *Garces, et al. v. Gerber Products Co.*, Case No. 1:21-cv-00902; *Shepard, et al. v. Gerber Products Company*, Case No. 1:21-cv-01104.

transferred to this Court from the District of New Jersey.[3] These consolidated cases are titled, *In Re: Gerber Products Company Heavy Metals Baby Food Litig.*, Master File No. 1:21-cv-00269 (MSN/JFA), and are referred to herein as the "Consolidated Actions." The parties shall notify the Court if any additional, related actions are filed in this Court or any other court. Any related action later filed in, removed to, or transferred to this Court that involve the same or substantially similar issues of law and fact will be automatically consolidated with these consolidated proceedings and the terms of this Order shall apply thereto. Consolidation does not have the effect of making any person or entity a party to any action in which that person or entity has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

    2.    **Duties of Co-Lead Counsel.** On May 10, 2022, the Court appointed Steven J. Toll of Cohen Milstein Sellers & Toll, PLLC, Rosemary M. Rivas of Gibbs Law Group LLP, and Janine Pollack of Calcaterra Pollack LLP as Interim Co-Lead Counsel ("Co-Lead Counsel") in the Consolidated Actions. Co-Lead Counsel shall be responsible for coordinating the activities of all plaintiffs in these consolidated proceedings and shall have sole authority, in consultation with other plaintiffs' counsel where appropriate, to:

    a.    Discharge the obligations outlined in this Order and all other orders of the

---

[3] The cases transferred to this Court are: *Shepard, et al. v. Gerber Products Co.*, No. 21-01977; *Moore v. Gerber Products Co.*, No. 21-02516; *Muslin Pierre-Louis v. Gerber Products Co.*, No. 21-04791; *Kelly, et al. v. Gerber Products Co.*, No. 21-12504; *Eldridge v. Gerber Products Co.*, No. 21-12910; *Douglas v. Gerber Products Co.*, No. 21-12354; *Robbins v. Gerber Products Co., et al.*, No. 21-12666; *McNealy v. Gerber Products Co.*, No. 21-9064; *Fondacaro, et al. v. Gerber Products Co.*, No. 21-5032; *Martin, et al. v. Gerber Products Co.*, No. 21-5846; *Henry, et al. v. Gerber Products Co.*, No. 21-5864; *Wallace, et al. v. Gerber Products Co.*, No. 21-9980; and *Lawrence, et al. v Gerber Baby Products*, No. 21-13676.

Court;

  b. Determine the causes of action and factual allegations of the any consolidated amended complaint filed in the Consolidated Actions, including any representative complaint;

  c. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by designees) to the Court and opposing parties the position of Plaintiffs and the class on all matters arising during these consolidated proceedings;

  d. Determine and coordinate how discovery is to be conducted on behalf of Plaintiffs, including, without limitation, the preparation of interrogatories, requests for production of documents, requests for admission, and subpoenas; the review of documentary evidence; and the examination of witnesses in deposition;

  e. Conduct settlement negotiations on behalf of Plaintiffs and proposed class members;

  f. Delegate specific tasks to other Plaintiffs' counsel as may be necessary or as authorized by the Court, in a manner to ensure that the trial preparation for the Plaintiffs is conducted efficiently and effectively and without duplication;

  g. Enter into stipulations with opposing counsel as necessary for the conduct of litigation;

  h. Prepare and distribute periodic status reports to the parties;

  i. Maintain adequate time and disbursement records covering services as

Co-Lead Counsel and establish adequate procedures to accurately record and report time and expenditures by all Plaintiffs' counsel on a monthly basis to Co-Lead Counsel;

  j. Monitor the activities of Plaintiffs' counsel to ensure that deadlines are met and unnecessary expenditures of time and funds are avoided; and

  k. Perform such other duties as may be incidental to proper coordination of the Plaintiffs' litigation activities or authorized by future order of Court.

  **3.** **Communications Among Counsel Not a Waiver of Attorney Client or Work Product Privilege**

 The communication of information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the protections afforded an attorney's work product. Likewise, communications between Co-Lead Counsel, or their representatives, and the cooperative efforts between them, as contemplated in this Order in discharge of their duties and obligations as Co-Lead Counsel, shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, unless reflected in a writing signed by Co-Lead Counsel; nor shall any communications among counsel be used by or against any Plaintiff. Nothing contained in this Order shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

  **4.** **Preservation of Evidence.** All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody, and control of the parties to this action, and

any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action to the extent required by the Federal Rules of Civil Procedure and applicable law. "Documents, data, and tangible things" is to be interpreted broadly to include anything in which information of any kind is recorded. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

Preservation includes the obligation not to alter any such thing as to its form, content or manner of filing. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Each attorney is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any documents, data, or tangible things, which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

5. **ESI and Protective Orders.** Not later than June 24, 2022, Plaintiffs and Gerber shall file a proposed protective order governing the production of confidential

material and a proposed order governing the production of ESI. The proposed protective order may not provide prospectively for the filing of documents under seal.

      **6.**    **Litigation Schedule.**  The parties, after meeting and conferring, shall file on or before June 1, 2022, jointly, if possible, otherwise separately, a litigation schedule that proposes:

      a.    A discovery cut-off date for fact discovery;

      b.    A schedule for expert designations and expert discovery, including any necessary Daubert hearings;

      c.    A date for the filing of any summary judgment motions on liability issues; and

      d.    A schedule for consideration of any class certification issues.

The submissions should contain a brief statement justifying the proposed schedule.

IT IS SO ORDERED.

_____, 2022      _____
                                                   HONORABLE MICHAEL S. NACHMANOFF
                                                     UNITED STATES DISTRICT COURT JUDGE

Submitted by:

Steven J. Toll
COHEN MILSTEIN SELLERS & TOLL, PLLC

Rosemary M. Rivas
GIBBS LAW GROUP LLP

Janine Pollack
CALCATERRA POLLACK LLP

*Interim Co-Lead Counsel*