**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| IN RE: GERBER PRODUCTS COMPANY HEAVY METALS BABY FOOD LITIGATION | |
| | Master File No. 1:21-cv-00269 (MSN/JFA) |
| This Document Relates to ALL Cases | |

## **[PROPOSED] STIPULATION AND PROTECTIVE ORDER**

Disclosure and discovery in the above-captioned action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, the Parties hereby stipulate and petition the Court to enter this Stipulation and Protective Order. The Parties (as defined herein) acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery. The Parties further acknowledge that this Stipulation and Protective Order does not entitle them to file confidential information under seal except as set forth in Local Civil Rule 5.

1.      In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.      "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c), and federal, state, or foreign data privacy laws (including, but not limited to, the Health Insurance Portability and Accountability Act, The Gramm Leach Bliley Act, and EU's

1

General Data Protection Regulation) or relates to any privileged or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, commercial information, contracts, non-public compilations of retail prices, proprietary information, vendor agreements, personnel files, claim/litigation information, nonpublic policies and procedures, and personal identifying information.

b.      "Confidential Materials" means any Documents, Testimony, or Information as defined herein appropriately designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

c.      "Designating Party" means a Party to this Proceeding, or a third party or non-party producing Documents, Testimony, or Information in this Proceeding, that designates Documents, Testimony, or Information, as defined herein, as "Confidential" or "Highly Confidential."

d.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

e.      "Documents" means (i) any handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored which have been produced in discovery or provided in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

f.      "Highly Confidential" means any information which belongs to a Designating Party who believes in good faith that the Disclosure of such information to another

Party or non-Party would create a substantial risk of serious harm that cannot be avoided by less restrictive means, including but not limited to corporate trade secrets, information obtained from a non-party pursuant to a non-disclosure agreement, and nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public.

g.      "Highly Confidential Materials" means any Documents, Testimony, or Information, as defined herein, appropriately designated as "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

h.      "Information" means the content of Documents or Testimony.

i.      "Proceeding" means the above-captioned proceeding (Case No. 1:21-cv-00269 (MSN/JFA)).

j.      "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2.      Each Party or non-Party that designates information or items for protection under this Stipulation and Protective Order must take care to limit any such designation to specific material or the specific parts within a material that qualifies under the appropriate standards so as to avoid including portions for which protection is not warranted.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

3.      The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good

faith believes would create a substantial risk of harm, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

4.      A Party may designate as "Confidential" or "Highly Confidential" any material produced by a non-Party or third-party witness by providing written notice to all other Parties within thirty (30) days after receiving such materials or information and providing a copy of the materials or information clearly labeled, stamped, or otherwise marked "Confidential" or "Highly Confidential" and the additional words "as designated by [Party]."

5.      The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

6.      Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated at the time of production, unless otherwise stated in this Stipulation and Protective Order.  The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a.      For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material.

    b.      For Testimony given in depositions, the Designating Party may either:

        i.      identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential" and the level of protection asserted; or

4

ii.      designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript.  The Designating Party shall inform the court reporter of these requirements.  In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party.  Only those portions of the testimony that are appropriately designated for protection by page and line within the thirty (30) days of receipt of the transcript and by so informing the other Party of that designation shall be covered by the provisions of this Stipulation and Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Certification Re: Confidential Discovery Materials" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  When a witness is noticed for a deposition, the Parties and any non-Party producing the witness will ensure that the deponent timely signs the "Certification Re: Confidential Discovery Materials" so as to avoid any issue in the use of any protective materials during the deposition.  The Parties acknowledge that they will not withhold a witness' agreement to the "Certification Re: Confidential Discovery Materials" for purposes of hindering the use of protected material at a deposition.

c.      For Information produced in some form other than Documents, and for any

other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential."  If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions and specify the level of protection being asserted.  Whenever any receiving Party reduces any such information produced from a tangible form to hard copy form and intends to use that hard copy in this Proceeding (subject to the terms of this Stipulation and Protective Order), the receiving Party must prominently mark the hard copy form with the appropriate Confidentiality designation as designated by the Designating Party.

7.     The Designating Parties may redact non-responsive, Confidential, and sensitive information not needed to understand the context of the responsive material, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people.  In addition to redactions associated with privileges or protections, the Designating Parties may also redact for privacy, protected health information, personal information, and such other information as provided for by governmental authorities, law, or regulation.  The Parties refer to the ESI Protocol for format of the redactions.

8.     The inadvertent revealing or production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent revealing or production.  In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Highly Confidential" designation

is inadvertently provided or produced without such designation, the Party that inadvertently provided or produced the Document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent revealing or production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" materials.  Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent revealing or production.  This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

9.      In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  Counsel for the Designating Party shall have thirty

(30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information in response to any or all of the Designation Objections and/or (b) explain its objections to de-designating in writing.  The receiving Party may then file a motion with the Court seeking to de-designate any such designations that remain from the Designation Objections (the "Designation Motion").  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place.  The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation.

10.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

a.      the Court and its personnel;

b.      (1) attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any party; (2) in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel; and (3) and outside copying services.  Notwithstanding the foregoing, each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c.      those officers, directors, partners, members, employees and agents of all non-Designating Parties to whom Disclosure is reasonably necessary for this Proceeding and who have signed the "Certification Re: Confidential Discovery Materials" (Exhibit A);

d.      representatives of insurance companies where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for the representative's assessment or evaluation of this Proceeding, provided, however, that each representative given access to Confidential Materials shall have signed the "Certification Re: Confidential Discovery Materials" (Exhibit A);

e.      court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding) and their staff;

f.      any deposition, trial, or hearing witness in the Proceeding whom the Party seeking to use the Confidential Materials reasonably believes previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Materials;

g.      any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials provided that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

h.      mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such

person on the "Certification Re: Confidential Discovery Materials" (Exhibit A).  Mock jury participants will not be permitted to depart the jury exercises with any Confidential Materials.

        i.     outside experts, expert consultants, or professional vendors consulted or retained by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert, expert consultant or professional vendor, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the "Certification Re: Confidential Discovery Materials" (Exhibit A).  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

        j.     any other person or entity that the Designating Party agrees to in writing.

    11.    Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

        a.     Attorneys of record in the Proceedings, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding.  Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Stipulation and Protective Order.  In-house counsel

to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel are not permitted access to Highly Confidential Materials;

b.       outside experts, expert consultants, or professional vendors consulted or retained by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert, expert consultant or professional vendor, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the "Certification Re: Confidential Discovery Materials" (Exhibit A) prior to the Disclosure of Highly Confidential Materials.  It shall be the obligation of counsel for the Party making the Disclosure, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

c.       any person who authored, received, saw or was otherwise familiar with Documents, Testimony, or Information or thing designated "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

d.       representatives of insurance companies where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for the representative's assessment or evaluation of this Proceeding, provided, however, that each representative given access to Confidential Materials shall have signed the "Certification Re: Confidential Discovery Materials" (Exhibit A);

e.       court reporters and their staff in this Proceeding (whether at depositions,

11

hearings, or any other proceeding); and

    f.  the Court.

  12.  "Clawback Provision." Pursuant to Fed. R. Evid. 502(d), the production of privileged or work-product protected documents, electronically stored information ("ESI") or information, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

    a.  If the receiving Party has reason to believe that a produced Document or other Information may reasonably be subject to a claim of privilege, then the receiving Party shall immediately sequester the Document or Information, cease using the Document or Information and cease using any work product containing the Information, and shall inform the producing Party of the beginning BATES number of the Document or, if no BATES number is available, shall otherwise inform the producing party of the Information.

    b.  Any Party or non-Party that discloses or produces a Document, ESI, or Information that it considers privileged or otherwise protected from discovery will give notice to the Receiving Party within twenty (20) days of becoming aware of the disclosure, identifying the Document, ESI, or Information in question; the asserted privilege or protection; and the grounds therefore.

    c.  Upon receipt of notice of the assertion of privilege or protection over produced Documents, ESI, or Information, the receiving Party will:

      i.  to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing Party or non-Party, and maintain the contested Documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

      ii.  to whatever extent the receiving Party does not contest the assertion

of privilege or protection, promptly certify in writing to the producing Party or non-Party that it has returned or destroyed the applicable Document(s), ESI, and/or Information, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom.

bii.    In the event of a contested assertion of privilege or protection over produced Documents that cannot be resolved amicably after meeting and conferring in good faith, the receiving Party may file a motion with the Court seeking to challenge the assertion of privilege or protection.

13.    No person shall attend depositions (or portions of depositions) during which Confidential or Highly Confidential Information is anticipated to be disclosed unless such person is authorized under the terms of this Stipulation and Protective Order.  If, during the course of a deposition, the response to a question would require the disclosure of Confidential or Highly Confidential Information, the witness may refuse to answer or the Party whose Confidential or Highly Confidential Information would be disclosed may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential or Highly Confidential Information leave the room.  If all persons in the room are authorized to receive Confidential or Highly Confidential Information, no objection shall be interposed at the deposition directing a party not to answer based on the fact that an answer would elicit Confidential or Highly Confidential Information.  Failure to object during a deposition to questions that could elicit Confidential or Highly Confidential Information does not waive such confidentiality.

14.    Confidential Materials and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or

other purpose whatsoever.

15.     Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

16.     Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a.     operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" is appropriately designated "Confidential" or "Highly Confidential" and/or contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b.     prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order) to seek:

    i.     a determination by the Court of whether any particular Confidential Materials or Highly Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

    ii.     relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

17.     Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the

14

same with the Court and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

18.     Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

19.     If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery, to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials or Highly Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Confidential Materials or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15

20.     Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection.  The Parties shall meet and confer to agree upon the terms of such additional protection.

21.     If, after execution of this Stipulation and Protective Order, any Confidential Materials or Highly Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials or Highly Confidential Materials to the immediate attention of the Designating Party.

22.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party.   If the Designating Party uses Confidential Materials or Highly Confidential Materials in a non-Confidential manner, then the Designating Party shall promptly advise that the designation no longer applies.

23.     Where any Confidential Materials or Highly Confidential Materials, or Information derived therefrom, is included in any motion or other proceeding governed by Local Rules for the United States District Court for the Eastern District of Virginia, Rule 5, the Parties and any involved non-Party shall follow those rules.

24.     The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry

16

of an appropriate order.

25.    In the event a Designating Party reasonably anticipates that its Confidential Materials or Highly Confidential Materials may be improperly disclosed, it may apply to the Court to obtain appropriate relief.  In the event that the aggrieved Designating Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court.  Any intentional violation of this Stipulation and Protective Order shall constitute contempt of Court, shall be punishable as such, and shall subject any offending parties to such sanctions and remedies as the Court may deem appropriate.  The Parties and any other persons subject to the terms of this Stipulation and Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Stipulation and Protective Order.   If any person having access to the Confidential Material or Highly Confidential Material herein shall violate this Stipulation and Protective Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

26.    Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials or Highly Confidential Materials.

27.    Prior to using Confidential Material or the Information contained therein at any hearing that is open to the public, the Party seeking to use the Confidential Material must give at least five (5) days advance notice to the Designating Party of the intent to use the Confidential Material so that the producing Party may seek an appropriate Court Order to protect the Confidential Material.

28.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

29.     Upon written request made within thirty (30) days of the final disposition of this Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials.  To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.  The final disposition of the proceeding shall be deemed to be the latter of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

30.     After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials or Highly Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

31.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials and Highly Confidential Materials under the terms herein.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  June 24, 2022                         WHITE & CASE LLP


By: */s/ Bryan A. Merryman*
    Bryan A. Merryman
    (admitted *pro hac vice*)
    **WHITE & CASE LLP**
    555 South Flower Street
    Suite 2700
    Los Angeles, CA 90071
    bmerryman@whitecase.com

    Kathryn J. Mims
    **WHITE & CASE LLP**
    701 Thirteenth Street, NW
    Washington, DC 20005
    T: (202) 626-3704
    F: (202) 639-9355
    kmims@whitecase.com

    Geoffrey W. Castello
    **KELLEY DRYE & WARREN LLP**
    One Jefferson Road, 2nd Floor
    Parsippany, NJ 07054
    Tel: (973) 503-5922
    Fax: (973) 503-5950
    gcastello@kelleydrye.com

    Attorneys for Defendant
    Gerber Products Company

Dated:  June 24, 2022

COHEN MILSTEIN SELLERS & TOLL, PLLC

By:_____ */s/ Steven J. Toll___*

Steven J. Toll
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Rosemary M. Rivas
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9700
Facsimile: 510-350-9701

Janine Pollack
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Telephone: 212-899-1765
Facsimile: 332-206-2073

Plaintiffs' Interim Co-Lead Counsel

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: _____        _____
                                 Honorable Michael S. Nachmanoff
                                 United States District Judge

## EXHIBIT A

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials and/or Highly Confidential Materials supplied in connection with the Proceeding, **(CASE NO. 1:21-cv-00269 (MSN/JFA))**.  I certify that I understand that the Confidential Materials and/or Highly Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials and Highly Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials and Highly Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

1

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed this _____ day of _____, 20__, at _____.

DATED:_____     BY:   _____

Signature
_____
Title
_____
Address
_____
City, State, Zip
_____
Telephone Number

2