IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: GERBER PRODUCTS COMPANY HEAVY METALS BABY FOOD LITIGATION <br><br> This Document Relates to ALL Cases | Master File No. 1:21-cv-00269 (MSN/JFA) |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

### I.   ISSUE ONE: DISCOVERY RELATING TO THE MARKETING CLAIMS

Gerber has not moved off its untenable position that it is not required to search for responsive documents outside of applying search terms, crafted solely by Plaintiffs, to the seven custodians it selected. Document production is not a game of "pin the tail on the donkey", where one party asks the other to guess blindly where responsive documents may be found. Gerber cannot shrug off its obligations. Its objections lack evidentiary support or merit.

**A.   Request No. 10 - Market Research (Such As Consumer Surveys, Studies, Internal Communications Such As Memos, Power Point Presentations, Etc.) Regarding Certain Marketing Claims (Narrowed To The Gerber Baby, Developmental Stages, And Heavy Metals).**

Plaintiffs' RFP No. 10 is not limited to electronically stored information (See ECF No. 141-1, Definition No. 6 of "Documents") and under Fed. R. Civ. P. 34, Plaintiffs are permitted to seek "documents or electronically stored information" that is stored "in any medium." *Id.* Gerber,

1

however, has failed to support its objections on the grounds of undue burden and disproportionality,[1] (ECF Nos. 138-2 at pages 12-16), and ultimately its position is that it is only required to apply search terms to the records of seven custodians to locate these responsive documents. Gerber has failed to provide any evidentiary support to sustain its objections and its position, and thus its objections should be overruled. *See Spendlove v. RapidCourt, LLC,* No. 3:18-cv-856, 2019 WL 7143664, at *2 (E.D. Va. Dec. 23, 2019) ("[M]erely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Spendlove,* at *4 (citing *Cappetta v. GC Services Ltd*., No. 3:08cv288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008)). "[A] party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Id.* (citing *Momah v. Albert Einstein Med. Ctr.,* 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)).

Gerber has not provided evidence supporting its claim that it is too burdensome to search for documents outside of using search terms because it cannot do so. Gerber presumably has a marketing team, as it has identified marketing personnel in its initial disclosures. (ECF No. 138-1 at 6 (identifying Basharat Khalil and Russ Levitan)). It should ask the marketing team and these individuals to search for these documents. Moreover, Gerber has already identified "consumer

---

[1] Gerber objected to every request based on boilerplate objections that lacked merit (ECF No. 138-2: objecting on the grounds of undue burden, due to proprietary information, due to information being publicly available, privilege, etc.). Under Fed. R. Civ. P. 34(b)(2)(C), Gerber was required to provide a response and permit inspection of any requested information it did not believe was objectionable. Gerber failed to do that.

2

surveys and marketing analytics for Gerber Products" that it may use to support its defense which its marketing team or marketing personnel must know about. (ECF No. 138-1 at 8). It has provided no valid objections as to why its search for responsive documents Plaintiffs are seeking should be limited to the use of search terms against a limited number of custodians.

Gerber also says it makes no claims about Heavy Metals on the product labels but this is inconsequential because Gerber does make claims about Heavy Metals on its website. If Gerber has market research (such as consumer surveys, studies, etc.) regarding whether parents desire baby foods without heavy metals or would not buy foods containing them, it should produce such market research without further delay because they are relevant to whether Plaintiffs' alleged omissions were material.

Plaintiffs have asked that Gerber prioritize these documents since very early in June (ECF No. 138-4) and July (ECF No. 138-5), and to date, all Plaintiffs have received are meritless objections.

      **B.**      **Request No. 12: Consumer Surveys, Studies, And Internal Communications (Such As Memos, Power Point Presentations) Regarding How The Marketing Claims Impact Consumer Decisions Or Perceptions.**

As with RFP No. 10, Gerber has not supported its unduly burdensome objection with any evidence supporting its position that it is only required to search for responsive materials using search terms applied to the records of seven custodians.

3

      **C.**      **Request No. 14: Documents Concerning Communications With Regulators, Stage Agencies, Self-Regulatory Organizations, Industry Or Trade Organizations, Competitors, Retailers, Third-Party Advertising Agencies And Market Research Firms Regarding The Ingredients In The Products And Whether They Reflect The (1) Marketing Claims, Or (2) Contain Heavy Metals.**

The parties have met and conferred about this request ad nauseum (since June 2022) (ECF No. 138-4) and thus, Gerber's argument that Plaintiffs prematurely moved to compel this request lacks merit. Again, there is no reason why Gerber's lawyers should not speak to those at Gerber in charge of responding to Congress, the FDA, state agencies, organizations like Consumer Reports, etc. to determine what documents exist, search for them, and produce them as soon as possible. It is unlikely that many employees within Gerber are in charge of engaging or addressing these third-parties and that the only way Gerber can access responsive documents is by applying key word searches to seven custodians.

**II.**      **ISSUE TWO: DOCUMENT PRODUCTION**

Plaintiffs have asked Gerber repeatedly to identify dates that it will produce documents and Gerber has refused to do so. There are four categories of documents at issue here: first, documents Gerber already says it has and will produce without having to search ESI using search terms (ECF No. 141 at 6 (listing additional sales and pricing data, records of communications with consumers, additional test results, and Gerber website pages regarding heavy metals)). When will Gerber produce these? It has not provided Plaintiffs with a date and since the beginning of the parties' meet and confer efforts, Plaintiffs have asked Gerber to prioritize testing results, for example. (ECF No. 138-4 at 1.) But instead, Gerber has only given Plaintiffs the limited testing it turned over to Congress. Gerber should produce these documents within 5 business days.

The second category of documents are those Gerber has agreed to produce and that should be easily obtained (but not identified in ECF No. 141 at 6). For example, Request Nos. 21-22 seek Gerber's food safety plans and documents showing changes thereto (ECF No. 138-2 at 22-23). Gerber initially objected to the requests on the grounds that "food safety plan," is vague, but after Plaintiffs explained what Gerber already knew, i.e., that it is required to maintain food safety plans as set forth in 21 C.F.R. 117.126 (ECF No. 138-4 at 4), Gerber has withdrawn its objections and has agreed to produce documents. *See, e.g.,* ECF No. 138-9 at 2. But it has not produced the documents. Gerber should produce these documents and others it has agreed to produce within 5 business days.

The third category of documents are those responsive to Request Nos. 10, 12, and 14 that can be located outside the context of using search terms. Gerber says it is too burdensome to search for them, but it has not provided any evidence except bald assertions from its lawyers. It should be ordered to produce these documents by August 19, 2022. If Gerber does not have any responsive documents, such as market research, consumer surveys, or studies regarding heavy metals, then it should state so in a proper response. Gerber has only provided objections to date.

The fourth category of documents are those that can be located through search terms. Gerber, of course, blames Plaintiffs for its delay but there are two issues that Gerber has created that has delayed this process. First, although Plaintiffs have requested that Gerber assist in formulating the search terms, (ECF No. 141-3 at 1), Gerber has refused to propose any search terms itself, although only it knows the company's nomenclature. (ECF No. 141 at 5 (describing Plaintiffs' proposals for search terms)). Gerber expects Plaintiffs to select the search terms

5

unilaterally, instead of using a collaborative process. *See Lawson v. Love's Travel Stops & Country Stores, Inc.,* No. 1:17-CV-1266, 2019 WL 7102450, at *5 (M.D. Pa. Dec. 23, 2019) ("[W]here counsel are using keyword searches for retrieval of ESI, they at a minimum must carefully craft the appropriate keywords, **with input from the ESI's custodians as to the words and abbreviations they use**, and the proposed methodology must be quality control tested to assure accuracy in retrieval and elimination of "false positives"") (emphasis added).

Second, Gerber states that absent a showing of good cause, it will not go through the process of producing responsive information through the use of search terms more than once. Def. Ex. F. This is not the standard and not what the parties agreed to in the ESI Protocol. Stipulation and Order Regarding Discovery of Electronically Stored Information, ECF No. 123.

Gerber accuses Plaintiffs of selecting terms that are too broad, of suggesting additional search terms, but the reasons for this is because of the above two issues that Gerber has created. Gerber should conduct a reasonable search, beyond the exclusive use of search terms, to identify documents responsive to Plaintiffs' Requests for Production Nos. 10, 12 and 14 with respect to specific marketing claims, *i.e.,* the Gerber Baby, the Developmental Stages, and Heavy Metals. Gerber should also identify a date for substantial completion and produce documents no later than the end of August 2022.

Dated: August 4, 2022                           Respectfully submitted,

                                                By:     /s/ Steven J. Toll

                                                Steven J. Toll
                                                **COHEN MILSTEIN SELLERS**
                                                  **TOLL PLLC**
                                                1100 New York Ave. NW
                                                East Tower, 5th Floor
                                                Washington, DC  20005
                                                Telephone: (202) 408-4600
                                                Facsimile: (202) 408-4699


                                                Rosemary M. Rivas
                                                **GIBBS LAW GROUP LLP**
                                                1111 Broadway, Suite 2100
                                                Oakland, CA 94607
                                                Telephone: 510-350-9700
                                                Facsimile: 510-350-9701


                                                Janine Pollack
                                                **CALCATERRA POLLACK LLP**
                                                1140 Avenue of the Americas, 9th
                                                Floor
                                                New York, New York 10036
                                                Telephone: 212-899-1765
                                                Facsimile: 332-206-2073

                                                *Plaintiffs' Interim Co-Lead Counsel*