IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: GERBER PRODUCTS COMPANY HEAVY METALS BABY FOOD LITIGATION | Master File No. 1:21-cv-00269 (MSN/JFA) |
| This Document Relates to ALL Cases | |

**PLAINTIFFS' SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I.   **THE RECENT NEW JERSEY STATE COURT DECISION, *KIMCA V. SPROUT FOODS*, IS NOT BINDING AND NOT WELL-REASONED.**

   A.   **The Doctrine of Primary Jurisdiction is Inapplicable.**

Plaintiffs respectfully request that the Court decline to apply the doctrine of primary jurisdiction or adopt the reasoning of *Kimca v. Sprout Foods, Inc.,* No. BER-L-002538-22 (N.J. Sup. Ct. Law Div. Aug. 17, 2022) (*see* ECF No. 157-1) (*Kimca II*). First, *Kimca II* found that "guidance from the FDA on what constitutes a safe level of heavy metals in baby foods" was integral to determining whether Sprout's labeling statements were misleading. *Id.* at 6. But Plaintiffs' claims do not require this Court or the trier of fact to determine what levels of arsenic, lead, cadmium, and mercury in baby foods are safe or unsafe. Rather, Plaintiffs' claims turn on questions such as: what facts are material to reasonable consumers when buying baby foods? Do parents want to know if the baby foods they are buying contain, or are likely to contain, Heavy Metals? To resolve Plaintiffs' claims, the trier of fact will need to determine whether Gerber's failure to disclose that its baby food products contain Heavy Metals, or were at risk of containing Heavy Metals, deceived reasonable consumers. Plaintiffs have also alleged facts supporting materiality, including that Gerber itself has represented that consumers do not want any heavy metals in their baby foods; that arsenic, lead, cadmium, and mercury are toxic heavy metals; and that lead, in particular, bioaccumulates. ¶¶ 7, 42, 58, 78.[1] Materiality is a question of fact, and Gerber has not defeated it here at the motion to dismiss stage. *See In re: Lumber Liquidators*

---

[1] All citations to "¶ __" are to Plaintiffs' Representative Complaint.

*Chinese-Manufactured Flooring Prod. Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 1:15-md-2627 (AJT/TRJ), 2017 WL 2646286, at *8 (E.D. Va. June 20, 2017) ("*Lumber Liquidators*").

*Kimca II* also erroneously construed FDA action levels as safe levels. The FDA's action levels are not determinations that there are no health hazards or risks. *See Fellner v. Tri-Union Seafoods, L.L.C.,* 539 F.3d 237 (3d Cir. Aug. 19, 2008). According to the Third Circuit in *Fellner*, even if the plaintiff there had alleged that the tuna was dangerous because it contained mercury below the action level of 1 ppm, such an allegation would not conflict with the FDA's guidance. "On its face the guideline does not state that tuna with mercury levels below 1 ppm poses no risk nor that a manufacturer has met any particular standard of care if its tuna does not exceed 1 ppm; it merely suggests that the FDA recommend enforcement action if mercury levels exceed 1 ppm." *Id.*, 539 F.3d at 252–253. While in 2020, the FDA did issue guidance setting an action level of 100 ppb of inorganic arsenic in rice cereal, this limited guidance does not state that inorganic arsenic in baby foods below 100 ppb is safe or poses no health risks. *See* 85 Fed. Reg. 47797, 47798.[2] In any event, Plaintiffs have alleged that Gerber exceeded the 100 ppb inorganic arsenic guidance issued by the FDA. ¶ 119.

### B. Plaintiffs Have Sufficiently Alleged a Risk of Harm and Economic Injury, Unlike in *Kimca II.*

*Kimca II* incorrectly concluded that the plaintiffs failed to allege an economic injury because: (1) they did not allege their kids are at risk, (2) they did not allege that the products failed

---

[2] This action level "does not establish any rights for any person and is not binding on FDA or the public." 85 Fed. Reg. 47797, 47798.

to provide food or nutrition, (3) they did not allege that their children were unable to consume the product, or (4) they did not allege that the products failed to comply with any regulatory standards. *See Kimca II* at 9. These requirements are not found in any binding Fourth Circuit decision or in any district court decision within the Fourth Circuit. *Kimca II's* requirements are also at odds with Judge Trenga's decision in *Lumber Liquidators*, 2017 WL 2646286, at *5. Judge Trenga's decision is well-reasoned and, accordingly, the Court should reject *Kimca II*. Although not required, Plaintiffs have alleged there are other baby food products on the market that have received the Clean Label Project's Purity Award for not having measurable amounts of heavy metals, such as Nature's One, Cerebelly, Bobbie, Else Nutrition, and Once Upon a Farm. ¶¶ 135-37.

## II. GERBER INAPPROPRIATELY CITES NEW MATERIAL OUTSIDE THE FOUR CORNERS OF THE COMPLAINT.

In its reply brief, Gerber continues to inappropriately cite to materials outside the four corners of the complaint to support its motion to dismiss, as it did with its opening brief. For instance, Gerber cites a summary (but not the full report) by Healthy Babies Bright Futures that purportedly says there is no difference between packaged and homemade food, or between non-organic and organic food.  Reply Brief at 1, fn. 1. Gerber also argues that "heavy metals occur naturally in foods babies and children must eat as part of a healthy diet and balanced diet." *Id.* at 3. Plaintiffs did not cite to, much less rely upon, the Health Babies Bright Futures summary in the Representative Complaint, and therefore the Court should not consider it. *See Bateman Litwin N.V. v. Swain*, No. 4:07cv138, 2008 WL 11378796, at *3 (E.D. Va. June 5, 2008) (declining to consider materials not relied upon in the complaint and striking items). Gerber's

3

factual arguments should also be rejected because they contradict the Representative Complaint's allegations. ¶¶ 135-37. Moreover, when this case advances, Plaintiffs will show that Gerber's factual assertions are incorrect and misleading. For example, according to Healthy Babies Bright Futures— many of the baby food products Gerber sells—like its rice snacks (such as the Gerber Puffs and Lil' Crunchies) and apple and grape juice—should be avoided as part of a healthy diet because they contain higher levels of heavy metals than other foods.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Gerber's motion to dismiss in its entirety.

Dated: September 15, 2022

Respectfully submitted,

By: */s/ Steven J. Toll*

Steven J. Toll
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Rosemary M. Rivas
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9700
Facsimile: 510-350-9701

Janine Pollack
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th

                 Floor
                 New York, New York 10036
                 Telephone: 212-899-1765
                 Facsimile: 332-206-2073

                 *Plaintiffs' Interim Co-Lead Counsel*