**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| IN RE: GERBER PRODUCTS COMPANY HEAVY METALS BABY FOOD LITIGATION<br><br>This Document Relates to ALL Cases | Master File No. 1:21-cv-00269 (MSN/JFA) |
| --- | --- |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER**

**TABLE OF CONTENTS**

I. BACKGROUND ....................................................................................................1
A. Relevant Procedural History....................................................................1
B. Prior Discovery...........................................................................................3
C. Current Discovery Status..........................................................................7
D. Document Review Process .......................................................................8

II. ARGUMENT ......................................................................................................10
A. An Extension of the Discovery Deadlines and All Other Case Deadlines is Necessary and Appropriate in Light of the Current Status of Discovery .............10
B. Proposed New Deadlines..........................................................................11

III. CONCLUSION...................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City Nat. Bank v. Clark*,
No. CIV A. 2:05-0675, 2006 WL 2136666 (S.D.W. Va., July 28, 2006) .............................. 10

**Other Authorities**

Fed. R. Civ. P. 16(b) .............................................................................................................. 10

As discussed with the Court at the September 23, 2022 Status Conference, *see* ECF No. 199, Plaintiffs respectfully move for an extension of the discovery deadlines and all other deadlines in the case (the "Motion"). Plaintiffs request that all case deadlines be extended by approximately three months, as discussed below. Gerber does not oppose Plaintiffs' request for this extension. This extension is necessary because, as detailed further herein, despite their diligence, Plaintiffs are not reasonably able to complete review and analysis of the current document production, and the production likely to soon be made, in time to be reasonably prepared to take and complete 25 anticipated depositions (of Gerber, Gerber's employees, and third parties), share the documents with their experts to allow those experts time for full evaluation and use of same, and to conduct any follow-up discovery that is necessary by November 30, 2022.[1]

Plaintiffs recognize and appreciate the expectations this Court has for litigants even in complex cases like this, but respectfully contend that the current schedule does not provide sufficient time for Plaintiffs to adequately prepare for and conduct the next phases of this litigation, to the prejudice of Plaintiffs.

Plaintiffs have conferred with Defendant Gerber Products Company ("Gerber") regarding this Motion, and Gerber has stated it does not oppose the modifications to the deadlines sought by this Motion.

## I. BACKGROUND

### A. Relevant Procedural History

On June 7, 2022, the Court set the following case deadlines:

[1] Additionally, Gerber has not yet noticed the depositions of Plaintiffs, and will likely not take them until after it completes its document production on October 7, 2022. This means that the parties would have to prepare for, take, and defend over 36 depositions over the course of the next 34 business days (excluding two days for Thanksgiving and two intervening court holidays).

| Event | Deadline |
|---|---|
| Motion for Class Certification | September 2, 2022 |
| Opposition to Class Certification | September 30, 2022 |
| Class Certification Reply | October 14, 2022 |
| Class Certification Hearing | October 28, 2022 |
| Close of Fact Discovery | November 30, 2022 |
| Opening Expert Reports | December 30, 2022 |
| Expert Rebuttal Reports | January 30, 2023 |
| Close of Expert Discovery | February 28, 2023 |
| Parties file motions for summary judgment | March 31, 2023 |

*See* ECF No. 113.

On July 8, 2022, following the initial pretrial conference, the Court modified certain of the above deadlines as part of its Rule 16(B) Scheduling Order (ECF No. 131):

| Event | Deadline | Modified Deadline |
|---|---|---|
| Motion for Class Certification | September 2, 2022 | December 15, 2022 |
| Opposition to Class Certification | September 30, 2022 | January 30, 2023 |
| Class Certification Reply | October 14, 2022 | February 15, 2023 |
| Class Certification Hearing | October 28, 2022 | February 24, 2023 |
| Close of Fact Discovery | November 30, 2022 | [no change] |
| Opening Expert Reports | December 30, 2022 | December 15, 2022 |
| Expert Rebuttal Reports | January 30, 2023 | [no change] |

| Close of Expert Discovery | February 28, 2023 | [no change] |
|---|---|---|
| Parties file motions for summary judgment | March 31, 2023 | [no change] |

On September 23, 2022, the Court held a status conference where Plaintiffs raised the need for an extension of the above deadlines. *See* ECF No. 199. The Court ordered Plaintiffs to brief the issue and include the current progress of discovery and the projected timeline for completion of discovery. *See* ECF No. 197.

**B. Prior Discovery**

On July 6, 2022, after extensive negotiations, the parties agreed that Gerber would prioritize the collection and production of documents from seven "Priority Custodians."[2] *See* Ex. A. On August 8, 2022, after extensive negotiations, the parties reached agreement on the search terms for Gerber's review of the Priority Custodians' documents and the documents of other custodians. *See* Ex. B. On August 11, 2022, after extensive negotiations, Gerber agreed to substantially complete the production from the Priority Custodians by September 9, 2022. *See* Ex. C.

On September 2, 2022, at the hearing and in a subsequent Court Order, the Court directed Gerber to (1) substantially produce documents for the seven Priority Custodians (Cheryl Callen, Paula Casey, Wendy Johnson, Mohini Joshi, Basharat Khalil, Susan Pac, and Lyle Pater) by September 9, 2022, (2) substantially produce documents for additional custodians (Kim Aylesworth, Jennifer Dressel, Russ Levitan, Kai Musielak and Lauryn Gutierrez) by September 26, 2022; (3) substantially produce documents for custodians William Partyka and Tarun Malkani by October 7, 2022; and (4) complete substantial production of all documents by October 7, 2022.

[2] The seven Priority Custodians are Cheryl Callen, Paula Casey, Wendy Johnson, Mohini Joshi, Basharat Khalil, Susan Pac, and Lyle Pater.

*See* ECF Nos. 180, 183. At the September 2, 2022 hearing, the Court asked Gerber's counsel "You've got the seven priorities that you're going to produce their documents by next week; is that right?" Gerber's counsel responded "Yes, Your Honor." ECF No. 183 at 7:7-7:10. Following the hearing the Court then issued an order requiring Gerber to "provide documents from the seven priority custodians by no later than September 9, 2022, the five designated custodians by September 26, 2022, and the two additional designated by plaintiffs in open court by October 7, 2022." ECF No. 180.

As of the close of business on September 29, 2022, Plaintiffs have received the following productions of documents from Gerber:

| **Date** | **Documents** | **Pages**[3] | **Custodians Included** |
|---|---|---|---|
| July 12, 2022 | 23 | 2,423 | Custodians unspecified |
| August 15, 2022 | 1 | 98 | Custodians unspecified |
| August 26, 2022 | 420 | 3,560 | Priority Custodians and other custodians |
| August 31, 2022 | 10 | 175 | Custodians unspecified |
| September 9, 2022 | 14,207 | 290,268 | Priority Custodians and other custodians |
| September 16, 2022 | 4,404 | 78,787 | Priority Custodians and other custodians |
| September 21, 2022 | 3,679 | 321,967 | Non-Priority Custodians |

[3] Pages are calculated based on the "page count" metadata field provided by Gerber and third parties with their productions.

| | | | |
|---|---|---|---|
| September 26, 2022 | 2,774 | 81,170 | Priority Custodians and other custodians |
| September 28, 2022 | 1,637 | 36,459 | Priority Custodians and other custodians |
| **Total** | 27,155 | 814,907 (or approximately 325 bankers boxes) | |

Despite the Court's order requiring Gerber to finish production of documents from the seven Priority Custodians by September 9, 2022, the metadata in Gerber's subsequent productions show that Gerber has produced thousands of documents from the Priority Custodians since September 9th. For each of the Priority Custodians the number of documents produced after the deadline is as follows: Callen (3,948); Khalil (1,357); Johnson (755); Pater (343); Pac (517); Joshi (330); and Casey (106).[4] For some of the Priority Custodians, the majority of their documents have been produced *after* September 9th. For example, 59.6% of Khalil's documents have been produced since September 9th.[5] During meet-and-confers, Gerber indicated that it may continue producing documents associated with Priority Custodians until October 7, 2022.[6] To ensure that Plaintiffs have the relevant documents prior to their depositions, Plaintiffs have been forced to wait until October 13 to begin their depositions of the Priority Custodians.

[4] Some of these documents include multiple Priority Custodians.

[5] For the rest of the priority custodians, the percentage of their documents produced since September 9 is as follows: Mohini: 50.5%, Callen: 36.5%, Pac: 22.4%, Casey: 22.3%, Johnson: 14.6%, Pater: 13.7%.

[6] On September 26, 2022, in producing a set of documents including those from the Priority Custodians, Gerber's counsel notified Plaintiffs that "we learned last week that, while conducting pre-production review early in this process, our e-discovery vendor misclassified documents associated with the primary custodians. As soon as we discovered this issue, we began immediately reviewing these documents and they are also included in this production. Our review of presumptively privileged materials from the agreed-upon custodians is ongoing and may result in the production of additional documents from their files." Ex. D.

On August 31, 2022, Gerber provided Plaintiffs with a list of more than 150 ingredient suppliers. After researching information about the suppliers, including publicly available information and information from Gerber's document production, Plaintiffs identified 14 suppliers and served document subpoenas on the suppliers on September 26, 2022 and September 27, 2022. These suppliers are located across the country in areas such as Southern Washington State and Eastern Arkansas. Plaintiffs are hopeful that the suppliers' response to these subpoenas will not necessitate lengthy meet and confers and that the suppliers will produce documents responsive to the subpoenas before October 15, 2022. Once the documents are produced and reviewed, Plaintiffs will make a determination as to which suppliers to notice for deposition.

Plaintiffs have also issued document subpoenas to 15 other third parties.[7] In response, as of the close of business on September 29, 2022, Plaintiffs have received the following document productions from third parties:

| **Date** | **Party Making Production** | **Documents** | **Pages** |
|---|---|---|---|
| August 31, 2022 | State of Alaska | 187 | 3,840 |
| September 23, 2022 | Environmental Defense Fund | 8,116 | 39,510 |
| **Total** | | 8,303 | 43,350 (approximately 17 bankers boxes) |

Based on the rolling production of the documents associated with the Priority Custodians and the October 7, 2022 substantial completion deadline, Plaintiffs have now noticed the

[7] Beginning on July 26, 2022 through September 29, 2022, Plaintiffs have served 14 document subpoenas on the following organizations: Consumer Reports, the State of Alaska, Happy Babies Bright Futures, the Environmental Defense Fund, Target, Albertsons, Amazon, Buy Buy Baby, Costco, DeCicci & Sons, Kroger, Publix, Rite Aid, Walmart and Nestlé Quality Assurance Center.

depositions of Priority Custodians Basharat Khalil (October 13, 2022), Lyle Pater (October 14, 2022), and Cheryl Callen (October 21, 2022).[8] On September 28, 2022, Gerber notified Plaintiffs that Mr. Pater was not available for deposition on the noticed date, and proposed dates during the week of October 17-21. Plaintiffs further anticipate soon noticing depositions of up to seven more party deponents, and up to 15 third parties.[9]

**C. Current Discovery Status**

As of the close of business on September 29, 2022, Plaintiffs have received 35,458 documents (totaling 858,257 pages) from Gerber and third parties, with the great majority of the production having only started to be produced three weeks ago on September 9, 2022. Plaintiffs will receive an unknown additional number of documents from Gerber up to and until October 7, 2022, Gerber's deadline for the substantial completion of the document production. *See* ECF No. 199 at 13:10-14 (Gerber's counsel could not provide the amount of remaining documents to be reviewed or produced).

Gerber has also notified Plaintiffs that it is withholding an unknown amount of documents for further review due to the documents being "presumptively privileged," including documents for Priority Custodians (production of which was to be substantially completed by September 9, 2022), and has not provided a date by which these documents will be produced if ultimately determined not to be privileged. *See* Ex. D. Gerber has not provided Plaintiffs with the specific number of such documents or pages, an estimate of the volume, or explain when it plans on

[8] Plaintiffs originally noticed the Pater deposition for September 30, 2022 based on Gerber's obligation to produce documents for Mr. Pater by September 9, 2022. Gerber, however, has indicated that additional documents related to Mr. Pater may not be produced until October 7, 2022, and that it would not produce Mr. Pater twice given his busy schedule.

[9] Plaintiffs have not yet chosen additional deponents because they are still in the process of reviewing the documents in order to determine which additional deponents are most likely to provide necessary information relating to Plaintiffs' claims.

completing its review of "presumptive privilege," so this could amount to a substantial number of additional documents that Plaintiffs will be required to quickly review prior to being able to depose these custodians. According to the ESI Order entered by the Court, Gerber's privilege log for documents withheld from its September 9, 2022 production is due on September 30, 2022. Plaintiffs plan on assigning a small team to review the privilege logs as quickly as possible and to meet and confer with Gerber as necessary.

Plaintiffs are also awaiting the production of documents from 27 third parties, but before any such productions are made, Plaintiffs will likely have to meet and confer with the third parties. In order to estimate the potential size of such productions, if one assumes that the 27 forthcoming third-party productions (just from those third parties already subpoenaed) have the same number of documents and pages as the average of the two third-party productions already received, approximately 4,150 documents and 21,675 pages, Plaintiffs could end up receiving an additional 112,050 documents totaling 585,225 pages for review from just these third parties. Plaintiffs will need to carefully review such documents in advance of deposing these organizations and, ideally, will need to at least partially review the same documents before conducting depositions of Gerber employees.[10]

**D. Document Review Process**

Plaintiffs currently have approximately 14 attorneys conducting first-level reviews of the documents in order to code the documents for certain issues and levels of importance. Plaintiffs' first level review of Gerber's documents is more time consuming than Gerber's review of its own documents prior to production because while Gerber merely reviewed each document for whether

[10] For example, of the 8,116 documents produced by the Environmental Defense Fund on September 23, 2022, 4,612 of them mention Priority Custodian Cheryl Callen in some manner who is currently noticed for deposition on October 21, 2022.

it was responsive or potentially privileged, Plaintiffs' first-level reviewers must carefully determine each relevant topic a document may be related to and, where appropriate, draft notations detailing the importance of a document for use by Plaintiffs' second stage reviewers. As of close of business on September 29, 2022, Plaintiffs' first-level reviewers have completed the first-level review of approximately 17,036 (or 374,934 pages) of the 35,458 documents received thus far. The first-level review did not begin until September 12, 2022, the Monday after the first significant production was made by Gerber the prior Friday, September 9, 2022, which had to be downloaded by Plaintiffs and then uploaded to a document vendor for processing. Accordingly, the first-level reviewers have had only fourteen business days of review through the end of yesterday, September 29, 2022, during which time they have had to familiarize themselves with the documents, including the issues raised and individuals discussed.

From September 12, 2022, through yesterday, September 29, 2022, the 14 first-level reviewers have reviewed an average of approximately 87 documents per day each, or 1,217 collectively. Plaintiffs anticipate that this rate will increase as the first-level reviewers become fully familiar with the production, but in the event it stays the same, the current set of reviewers will be able to review 6,085 documents per five-day workweek. This would mean that, at their current rate, Plaintiffs will need at least fifteen workdays to complete the first-level review of the remaining 18,422 documents produced as of yesterday, or until approximately October 24, 2022, which does not take into account the extensive production that is still likely forthcoming from Gerber and third parties.

Following a first-level review of the documents, Plaintiffs' counsel's more senior attorneys must also conduct a second-level review of the documents marked for further consideration in order to, among other things, determine if the documents should be used for a deposition or

provided to an expert. Many of the documents are also technical or scientific, requiring more time to review. Plaintiffs' counsel has begun this process for documents already reviewed by first-level reviewers. The completion of this time-consuming process for any document generally lags behind the first-level review by about two to three weeks, which has generally been the case here.

## II. ARGUMENT

### A. An Extension of the Discovery Deadlines and All Other Case Deadlines is Necessary and Appropriate in Light of the Current Status of Discovery

Fed. R. Civ. P. 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." *Id.* The focus of the good cause standard centers upon the movant's diligence. *See City Nat. Bank v. Clark*, No. CIV A. 2:05-0675, 2006 WL 2136666, at *4 (S.D.W. Va., July 28, 2006). As detailed *supra*, Plaintiffs have made every attempt to meet the discovery deadlines set by this Court.[11] Despite this, even at their current pace Plaintiffs will greatly struggle to substantially complete their review and analysis of the productions from Gerber and third parties in time to conduct and complete the necessary depositions in advance of the current close of fact discovery on November 30, 2022. To put that deadline into perspective, there are only 34 business days from October 10, 2022 (the Monday after Gerber completes its document production) until November 30, 2022 if one excludes two days for Thanksgiving and two intervening court holidays. Plaintiffs also reiterate that they could not begin depositions of Gerber employees until October 10, 2022 at the earliest in any event because the Court granted Gerber until the prior Friday, October 7, 2022, to substantially complete its production. And this does not take into account that

[11] As Gerber's counsel conceded at the September 23, 2022 status conference, what Gerber has already produced to Plaintiffs is "significant." ECF No. 199 at 15:11-12.

under the Stipulation and Order Regarding Discovery of Electronic Information (ECF No. 123), Gerber has 21 days from the production of documents to provide Plaintiffs with a privilege log for such production, which Plaintiffs may need to challenge in order to obtain non-privileged materials that are required to properly depose Gerber's employees or third parties.

Moreover, Plaintiffs need sufficient time to analyze the documents to send to their experts and the experts need sufficient time to review them as well. Plaintiffs' experts may make additional requests for discovery. Plaintiffs will also likely need to conduct follow-up discovery based on information they learn from the document production and during the depositions. Under the current schedule, this would be difficult to accomplish notwithstanding Plaintiffs' diligence in serving written discovery, meeting and conferring with Gerber and third parties, and reviewing the documents as Gerber has produced them as fast as is reasonably possible.

**B. Proposed New Deadlines**

For the reasons discussed herein, Plaintiffs respectfully propose the following updated deadlines for the Court's consideration:

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Motion for Class Certification | Thursday December 15, 2022 | Wednesday March 15, 2023 |
| Opposition to Class Certification | Monday January 30, 2023 | Monday May 1, 2023 |
| Class Certification Reply | Wednesday February 15, 2023 | Wednesday May 17, 2023 |
| Class Certification Hearing | Friday February 24, 2023 | Friday June 2, 2023 |
| Close of Fact Discovery | Wednesday November 30, 2022 | Wednesday March 1, 2023 |
| Opening Expert Reports | Thursday December 15, 2022 | Wednesday March 15, 2023 |
| Expert Rebuttal Reports | Monday January 30, 2023 | Monday May 1, 2023 |

| Close of Expert Discovery | Tuesday February 28, 2023 | Tuesday May 30, 2023 |
|---|---|---|
| Parties file motions for summary judgment | Friday March 31, 2023 | Friday June 30, 2023 |

Plaintiffs have conferred with Gerber regarding these proposed deadlines and Gerber has stated it does not oppose these modifications to the deadlines.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs seek an order extending all the case deadlines as requested herein.

Dated: September 30, 2022

By: */s/ Steven J. Toll*

Steven J. Toll
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Rosemary M. Rivas
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9700
Facsimile: 510-350-9701

Janine Pollack
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Telephone: 212-899-1765
Facsimile: 332-206-2073

*Plaintiffs' Interim Co-Lead Counsel*