# <u>Exhibit C</u>

## Michael Liskow

| | |
|---|---|
| **From:** | Hogue, Frank <fhogue@whitecase.com> |
| **Sent:** | Thursday, August 11, 2022 1:40 PM |
| **To:** | Michael Liskow; Kaul, Sequoia; Douglas J. McNamara; Janine Pollack; GCastello@KelleyDrye.com; Steven J. Toll; Mark Troutman; Brian E. Johnson; Rosemary Rivas; Jennifer Horowitz |
| **Cc:** | Merryman, Bryan; Havlin, Kim; Mims, Kathryn; Abini, Deema; Godar, Katherine; Akerblom, Taylor |
| **Subject:** | RE: Gerber Search Terms |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Michael,

Thank you for the productive call on Tuesday.  Now that we have agreed on search terms for the priority custodians, we estimate that production from the priority custodians will be substantially complete by September 9, 2022.

Regards,

Frank

**J. Frank Hogue**  |  Partner
**T** +1 202 626 3623    **M** +1 703 919 3354    **E** fhogue@whitecase.com
White & Case LLP  |  701 Thirteenth Street, NW  |  Washington, DC 20005-3807

**From:** Michael Liskow <mliskow@calcaterrapollack.com>
**Sent:** Tuesday, August 9, 2022 12:50 PM
**To:** Kaul, Sequoia <sequoia.kaul@whitecase.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>; Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Subject:** RE: Gerber Search Terms

Sequoia,

We have further responded directly in your email below in red. Also let's use the following call-in for today's meet and confer at 4pm ET:

1. **315-503-6439**.
2. You'll then be prompted for a conference ID number. Your conference ID# is **259329**

Thank you,
Michael

Michael Liskow
**Calcaterra Pollack LLP**
1140 Avenue of the Americas, 9th Floor

1

New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073
mliskow@calcaterrapollack.com
www.calcaterrapollack.com

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may include privileged or otherwise confidential information. Federal and state law governing electronic communications apply.   If you received this message in error, or have reason to believe you are not authorized to receive it, please promptly delete this message and notify the sender by e-mail.  This email, including any attachments, could possibly contain viruses. The receiver assumes all responsibility for checking and deleting any potential viruses.

---

**From:** Kaul, Sequoia <sequoia.kaul@whitecase.com>
**Sent:** Monday, August 8, 2022 4:28 PM
**To:** Michael Liskow <mliskow@calcaterrapollack.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>; Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Subject:** RE: Gerber Search Terms

Michael,

Thank you for confirming plaintiffs' availability for a call at 4pm EST tomorrow.

Please see our further responses in blue below.

Regards,

Sequoia

**Sequoia Kaul**  |  Law Clerk*
**T**  +1 212 819 8517    **M**  +1 626 379 5996

*Only licensed to practice in New York. Not yet admitted in California.

---

**From:** Michael Liskow <mliskow@calcaterrapollack.com>
**Sent:** Sunday, August 7, 2022 5:06 PM
**To:** Kaul, Sequoia <sequoia.kaul@whitecase.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>; Akerblom, Taylor

<taylor.akerblom@whitecase.com>
**Subject:** RE: Gerber Search Terms

Sequoia,

Thank you for your email. We have responded directly in your email below.

Thanks,
Michael Liskow
**Calcaterra Pollack LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073
mliskow@calcaterrapollack.com
www.calcaterrapollack.com

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may include privileged or otherwise confidential information. Federal and state law governing electronic communications apply.  If you received this message in error, or have reason to believe you are not authorized to receive it, please promptly delete this message and notify the sender by e-mail.  This email, including any attachments, could possibly contain viruses. The receiver assumes all responsibility for checking and deleting any potential viruses.

**From:** Kaul, Sequoia <sequoia.kaul@whitecase.com>
**Sent:** Friday, August 5, 2022 7:54 PM
**To:** Michael Liskow <mliskow@calcaterrapollack.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>; Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Subject:** RE: Gerber Search Terms

Michael,

Thank you again for your patience while we finalized our proposal. While we still disagree with your representations regarding the cause of delay, our immediate objective is to reach agreement on the preliminary set of search terms to begin producing documents to plaintiffs as soon as possible. To that end, Gerber proposes the following compromise, subject to the parties' agreement on document custodians.

> **- Plaintiffs believe that these agreed-to search terms should immediately be applied to the seven agreed-to "priority" custodians while Gerber finalizes the process (if not already complete) of gathering the custodial files of the other individuals listed on Gerber's Initial Disclosures who have not yet been made custodians (the "Second Group") and any other individuals Gerber believes should be custodians. As part of this process Gerber should propose any additional search terms (beyond the agreed-to preliminary terms) it believes may lead to responsive documents for the Second Group. But to be clear, with all but one of the preliminary search terms now agreed to (as discussed below), there is no reason for Gerber to delay reviewing and producing documents**

**from the preliminary custodians for these preliminary search terms. Please let us know whether Gerber will substantially complete the production of the preliminary search terms applied to the priority custodians' documents by August 26, 2022.**

Gerber is not in a position to state when production will be substantially complete. We will provide an estimate when we are able to.

Plaintiffs are unable to accept this position. Plaintiffs first remind Gerber that it was obligated by FRCP 34 to provide the date by which it would substantially complete its production as part of its responses to Plaintiffs First Set of Requests for Production. *See* FRCP 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. . . . The production must then be completed no later than the time for inspection specified in the request *or another reasonable time specified in the response*."). That deadline passed long ago. Plaintiffs also note that Judge Anderson took the position that once the preliminary search terms were resolved, there would be no reason to delay setting a deadline for substantial completion. Accordingly, if Gerber will not agree to the proposed completion deadlines proposed in Plaintiffs' email, please promptly provide other proposed deadlines by close of business Thursday August 11, 2022. In the event Gerber is unable or unwilling to propose reasonable deadlines in light of the schedule ordered by the Court, Plaintiffs will have no choice but to raise the issue with the Court at the upcoming status conference.

<u>**Final Hit Report**</u>

Attached is a final preliminary hit report for plaintiffs' initial and additional search terms reflecting the compromise outlined below. The total number of documents, including families, is now 192,819.

<u>**Preliminary Search Terms**</u>

**305/515 Agreed Terms**

We have implemented the following changes requested by plaintiffs in your 8-1 email, which are reflected in the attached final hit report:

- **(lead w/5 substantial\*) AND ("1st Foods" OR "First Foods")** – We have included this term, which plaintiffs' indicated did not appear to have been included in Gerber's prior 7-27 hit report.

  **- the term on the provided hit list is (lead w/5 substantial\*) /30 ("1st Foods" OR "First Foods"), not the requested (lead w/5 substantial\*) AND ("1st Foods" OR "First Foods"). Please confirm the requested term (lead w/5 substantial\*) AND ("1st Foods" OR "First Foods") will be run, and provide the total family count of the term (no need to re-run the full hit list).**

  Confirmed. The total family count for (lead w/5 substantial\*) AND ("1st Foods" OR "First Foods") is 7. OK

- **(lead W/5 substantial\*) W/30 potatos** – We have accepted plaintiffs' request to use potato\* in place of potatos.  **OK.**

- **"Heavy Metals" W/30 (Congress AND Report)** – We made no changes to this term. As Plaintiffs can see from the 7-27 hit report we provided, this term was properly formatted without an additional quotation mark and did not result in an error.  **OK.**

With these minor changes, we confirm the parties are in agreement on these 305 of plaintiffs' 515 initial search terms. **Agreed.**

**210/515 Outstanding Terms**

For the remaining 210 of plaintiffs' 515 initial terms, your 8-1 email indicated plaintiffs would not accept our proposed reasonable modification of "W/30" in place of "AND."

In the interest of compromise, Gerber will agree to use the "AND" modifier for the remaining 210 terms. The final hit report reflects this compromise. We believe this compromise resolves the sole remaining dispute regarding plaintiffs' initial search terms, and the parties are now in agreement on all 515 terms. Please confirm. **Confirmed.**

**Plaintiffs' Additional Search Terms**

We appreciate plaintiffs' effort to move this forward by accepting Gerber's proposed modifier—W/30 (consumer OR report OR analy* OR survey OR project*)—for seven of the additional terms, which more precisely targets the categories of documents Plaintiffs seek. With this modification, we confirm the parties are in agreement on those seven additional terms.

However, Plaintiffs' proposed modification ("the Gerber baby") in place of "Gerber Baby" still results in over 26,000 family documents including any document referencing "the Gerber baby food."  Gerber proposes limiting this term using the same modifier plaintiffs have agreed to for the seven additional terms referenced above. Gerber's proposed modification—"the Gerber baby" W/30 (consumer OR report OR analy* OR survey OR project*)—is better tailored to capture documents potentially responsive to plaintiffs' requests while excluding many of the irrelevant hits resulting from "the Gerber baby" alone. The final hit report reflects this compromise. Further, Gerber proposes to run this term only for custodians (and non-custodial data) in the marketing department, including priority custodian Basharat Khalil.

> **Although Gerber has not identified which custodians from the marketing department will ultimately be included in the search, in the interest of compromise Plaintiffs will agree to this proposal at this time but reserve their right to later seek an expanded search if necessary.**

Other than the proposed compromise on "the Gerber baby" term, the remaining additional search terms reflected in Gerber's final hit report are identical to Gerber's 7-27 hit report. We confirm there was no error in the 7-27 hit report concerning plaintiffs' "sample soil accuracy" term. That term was ran as a single, standalone term as plaintiffs proposed. Quotation marks are not necessary for this term and would not result in a different number of hits, as it does not include any modifiers.

> **Gerber has not responded with respect to Plaintiffs' proposed new term (Heavy Metal* OR arsenic OR cadmium OR lead OR mercury) AND ((Position OR angle OR response OR lobby OR strategy OR plan) W/15 (legis* OR law* OR regula* OR program OR rul*)).  As discussed in my prior email, Plaintiffs do not believe this search term is overbroad but in the interest of compromise offered suggestions as to how Gerber could analyze the results of the term to see how it might be modified. Now that Judge Anderson has made clear that he believes the preliminary search terms should be determined immediately, please let us know by COB tomorrow whether Gerber (1) accepts Plaintiffs' original proposed search term or (2) has a compromise based on Plaintiffs' prior suggestions.**

> We disagree as to the overbredth of this term, which results in 47,000 unique documents. In the spirit of compromise, Gerber agreed to include "Closer to Zero" and "Baby Food Safety Act" as additional standalone search terms. We believe those terms, in addition to Gerber's agreement to search "FDA" and "Food and Drug Administration" across every heavy metal, are sufficient to capture the documents Plaintiffs seek within this category. However, to the extent Plaintiffs also seek documents concerning legislation/regulations other than the Baby Food Safety Act or Closer to Zero, Gerber will consider additional search terms Plaintiffs propose to capture such documents.

> Plaintiffs disagree that the other agreed-to proposed terms are reasonable substitutes for this term in light of it returning 47,000 unique documents. However, in the spirit of compromise and in order to remove any final claimed obstacle to Gerber's production of the preliminary search term documents, Plaintiffs agree to omit this search term from the preliminary search terms but reserve the right to seek its use later once Plaintiffs have had the opportunity to review Gerber's production.

> **And in any event, there is no basis for Gerber to delay the review and production of documents from the preliminary custodians hitting the above agreed-to terms while the parties resolve this last outstanding term. Please confirm by COB tomorrow whether Gerber is in agreement.**

We agree that Gerber's review and production of documents from the seven priority custodians may proceed while the parties resolve this remaining term.

As the outstanding term is resolved this issue is now moot.

Additionally, Gerber will, of course, comply with Judge Anderson's instructions regarding search terms. Your demand for additional search terms today presupposes that we have been withholding terms from you. We have not.

**Custodians**

On the topic of custodians, we propose a call early next week so that you can explain why all possible custodians' documents should be reviewed now. We are available Monday afternoon between 1:00-3:30pm EST, or Tuesday after 4:00pm EST. Please let us know when plaintiffs are available.

**We are available for a meet and confer on Tuesday at 4:00 EST. However, Plaintiffs remind Gerber, as made clear by Judge Anderson, that it is not Plaintiffs' burden to try to guess why any of the Second Group, who have each been identified as having responsive information *by Gerber*, should *be* custodians. It is instead Gerber's burden to explain why any of the Second Group should *not* be custodians.**

**And there is an additional outstanding issue - in our August 1, 2022 email below Plaintiffs asked for the date by which the relevant non-custodial data sources will be collected and processed by Gerber. Gerber has not responded. Plaintiffs further remind Gerber that Judge Anderson made clear that there is simply no time for a "staged production." In light of this, it is Plaintiffs' position that the production of documents from non-custodial sources, the Second Group and any additional custodians identified by Gerber must be completed by September 15, 2022 in order for the parties to meet the Court's schedule. Please confirm whether Gerber will agree to complete production from these custodial and non-custodial sources by September 15, 2022.**

As the parties have not yet discussed additional custodians, Gerber is not in a position to state when production will be substantially complete. We will provide an estimate when we are able to.

See Plaintiffs' position above.

Best regards,

Sequoia

**Sequoia Kaul** | Law Clerk*
**T** +1 212 819 8517   **M** +1 626 379 5996   **E** sequoia.kaul@whitecase.com
White & Case LLP | 555 South Flower Street, Suite 2700 | Los Angeles, CA 90071-2433

**WHITE & CASE**

*Only licensed to practice in New York. Not yet admitted in California.

**From:** Michael Liskow <mliskow@calcaterrapollack.com>
**Sent:** Friday, August 5, 2022 11:30 AM
**To:** Kaul, Sequoia <sequoia.kaul@whitecase.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema

<deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>; Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Subject:** RE: Gerber Search Terms

Sequoia,

Following up on this email, Plaintiffs must insist that Gerber provide Plaintiffs with its position on Plaintiffs proposed final list of preliminary search term by the end of today. We provided you with Plaintiffs' proposed final list on Monday. As Judge Andersen made it very clear at today's hearing, the parties must agree on preliminary terms without delay so production can begin immediately.

Separate from the preliminary search terms, as Judge Andersen noted, it is Gerber's responsibility to ensure that the search terms that are being used will capture the vast majority of responsive documents—not Plaintiffs. So, Gerber should provide Plaintiffs with a list of any additional terms that Gerber is confident will do exactly that by the end of today. This includes the type of data that was at issue at the hearing today, market research/analysis, consumer survey's etc. If ultimately the search terms do not capture this information, Plaintiffs will have to go back to Judge Andersen.

Additionally, the attorney for Gerber today informed Judge Andersen that Gerber had gathered the documents for many, if not all, of the remaining individuals listed on Gerber's initial disclosures. Judge Andersen made it clear that production in "stages" will not work in this case—due to the time constraints. Plaintiffs must insist that the preliminary search terms immediately be applied to all the individuals identified on the initial disclosure list, whose documents you have already gathered, and begin the process of review and production of those documents at the same time as the priority custodians.

Thanks,
Michael Liskow
**Calcaterra Pollack LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073
mliskow@calcaterrapollack.com
www.calcaterrapollack.com

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may include privileged or otherwise confidential information. Federal and state law governing electronic communications apply.   If you received this message in error, or have reason to believe you are not authorized to receive it, please promptly delete this message and notify the sender by e-mail.  This email, including any attachments, could possibly contain viruses. The receiver assumes all responsibility for checking and deleting any potential viruses.

**From:** Michael Liskow
**Sent:** Thursday, August 4, 2022 2:49 PM
**To:** Kaul, Sequoia <sequoia.kaul@whitecase.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema

<deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>; Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Subject:** RE: Gerber Search Terms

Sequoia,

Thank you for your email. We strongly disagree with your entire characterization of the process of selecting preliminary search terms and custodians. Without addressing each point you made at this time, it is important to recognizing that the delay in finalizing the preliminary search terms is absolutely due to choices Gerber had made and time spent unnecessarily attempting to limit the document review set beyond what was necessary.  The relevant history of this process is as follows:

- On July 6, 2022, Plaintiffs provided Gerber with 74 proposed preliminary search terms by email from Douglas McNamara.

- **Four days later**, on July 10, 2022, Gerber responded that "***negotiating search terms at this stage is premature***" while providing an updated list of approximately 100 search terms, deleting some proposed by Plaintiffs.

- **One day later**, on July 11, 2022, the Parties met and conferred regarding the search terms, during which Gerber agreed to run hit lists for the search terms.

- **Four days** later, on Friday July 15, 2022, Gerber provided a hit list for 515 search terms, while explaining that the total number of documents (including families) responsive to the search terms was 194,684.

- **Three days later**, on Monday July 18, 2022, Gerber provided an "updated" hit report resulting in only 114,078 documents and created by further limiting most of the terms originally proposed by Plaintiffs.

- **Three days later,** on Thursday July 21, 2022, Plaintiffs responded to the two hit lists previously provided by Gerber, carefully responding to each term and category of terms, in some cases proposing further revised terms while compromising on others, and offering a proposal to resolve the 515 search terms.  Plaintiffs also added a mere 22 new search terms to the 515 already at issue.

- **Six Days later**, on Wednesday July 27, 2022, Gerber finally responded to Plaintiffs' July 21, 2022 email and proposal. Gerber provided a number of modifications to Plaintiffs' prior proposal for the 515 search terms and 22 new terms, including outright refusing to include two terms, that Gerber represented resulted in a total of 140,613 family documents (Plaintiffs were unable to analyze how Gerber's revised terms compared to certain terms proposed by Plaintiffs because Gerber only provided a hit list of the terms it proposed).

- **Five days later,** on August 1, 2022, after reviewing Gerber's response (which required reformatting the hit list provided by Gerber in order to match it with prior iterations of the terms), Plaintiffs provided a detailed final proposal for resolving the preliminary search terms, which included compromising on a number of the terms.  In order to finalize the preliminary search terms, Plaintiffs requested that Gerber respond to the final proposal by August 3, 2022.

- **Three days later**, today on August 4, 2022, Gerber has still not substantively responded to Plaintiffs' August 1, 2022 proposal.

Furthermore, you are incorrect that, in the event Plaintiffs later determine that additional custodians and/or search terms need to be applied, Plaintiffs will need to "identify good cause" to Gerber's satisfaction in order to do so. Plaintiffs have worked to finalize the preliminary set of search terms and custodians in the almost total absence of assistance from Gerber, and without almost any production to guide the selection of the preliminary terms and custodians.  As in any standard discovery process, if Gerber's production points to other search terms and/or custodians that may have responsive information not already captured, Plaintiffs are entitled to such proportional discovery.

In any event, your email does suggest that the parties are on the same page that the preliminary search terms need to be finalized and applied to the preliminary custodians as soon as possible. In this regard, as explained in my August 1 email, Plaintiffs have made a final proposal for all of the preliminary search terms apart from two new terms (for the record, Plaintiffs did not "demand a response in less than 24 hours" but instead sent the proposal at 2:38 PM ET on August 1 and requested a response by August 3rd). Apart from these two outstanding terms, there is no reason that Gerber could not analyze and decide whether to agree to the terms or not by close of business tomorrow, as Gerber has already run hit lists for each of the terms at issue.  Accordingly, please confirm whether Gerber agrees to the proposed preliminary search terms by close of business tomorrow so that Plaintiffs can raise the issue with the Court if necessary.

Thanks,
Michael Liskow
**Calcaterra Pollack LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073
mliskow@calcaterrapollack.com
www.calcaterrapollack.com

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may include privileged or otherwise confidential information. Federal and state law governing electronic communications apply.   If you received this message in error, or have reason to believe you are not authorized to receive it, please promptly delete this message and notify the sender by e-mail.  This email, including any attachments, could possibly contain viruses. The receiver assumes all responsibility for checking and deleting any potential viruses.

**From:** Kaul, Sequoia <sequoia.kaul@whitecase.com>
**Sent:** Tuesday, August 2, 2022 8:09 PM
**To:** Michael Liskow <mliskow@calcaterrapollack.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>; Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Subject:** RE: Gerber Search Terms

Michael,

Thank you for your email. It appears the parties are now closer to agreement on a preliminary set of search terms and we appreciate Plaintiffs' effort to compromise on the remaining terms in dispute.

However, Plaintiffs' attempt to shift blame for the delay to Geber is not supported by the parties' record, which speaks for itself.  First, Plaintiffs cannot explain why they waited several weeks to propose a new set of search terms implicating 170,000 documents.  Plaintiffs could have proposed these terms—which Plaintiffs proposed to target categories of documents they believe would not have been adequately captured from the initial set of 515 unique terms—from the outset, but instead chose to wait until the parties had already spent considerable time and effort to reach agreement on the majority of that initial set.  Despite Plaintiffs' delay and in an effort to move this process forward, Gerber agreed to all but two of Plaintiffs' new search terms.  Second, Gerber in fact proposed global modifications to Plaintiffs' initial search terms; it was Plaintiffs who insisted on negotiating hundreds of terms on an individual basis.

We also strongly disagree with Plaintiffs' mischaracterization of the "position Gerber appears to have taken" regarding the finality of agreed-upon preliminary search terms and custodians.  It is unclear where Plaintiffs' confusion lies, since we have clearly and repeatedly stated, rather than "suggested," Gerber's position throughout the parties' discussions and in written communications with Plaintiffs. To reiterate:

- Plaintiffs mischaracterize Gerber's position regarding the finality of preliminary search terms.  Gerber has never refused to consider new or modified search terms, and has not "suggested" it would refuse to consider them if necessary in the future.  As we have previously explained, Gerber's position is that the parties need to agree on a definitive set of preliminary search terms intended to capture the universe of documents Plaintiffs seek in order for Gerber to start reviewing and producing documents. Gerber can only begin that process once we have a static document set based on agreed terms that is both proportionate and feasible to review.  There must be some finality to Plaintiffs' preliminary search terms in order to move forward; it is not reasonable or efficient for the parties to agree on a set of search terms and identify the universe of documents to be reviewed, only to have Plaintiffs come back the next day with entirely new terms implicating additional tens or hundreds of thousands of documents.  If, in the course of reviewing Gerber's document production, Plaintiffs later identify good cause to propose additional or modified search terms, Gerber will agree to meet and confer with Plaintiffs in good faith about those terms.  Seeing as Plaintiffs "agree with Gerber that the search terms may need to be revisited in the future as discovery unfolds," and otherwise provide no basis for the supposedly "erroneous position Gerber appears to have previously taken," there seems to be no actual dispute on this point.

- Plaintiffs again mischaracterize Gerber's position concerning document custodians, both in your email and Plaintiffs' Motion to Compel (ECF No. 138).  As Plaintiffs are aware, Gerber provided a list of 22 possible custodians and identified a subset of seven "priority" custodians based on the documents Plaintiffs seek.  Plaintiffs unequivocally agreed to the initial list of seven priority custodians, and did not, prior to filing their Motion to Compel, raise an issue regarding the adequacy of custodians, priority or otherwise.  To the extent Plaintiffs are unhappy with the custodians Gerber proposed, Gerber remains willing to meet and confer about this issue

In the future, Gerber would request that Plaintiffs meaningfully attempt to meet and confer on such issues before attributing unsupported and inaccurate positions to Gerber in motion practice or attempting to create a false record after the fact.  Had Plaintiffs raised these misconceptions with Gerber, the parties could have avoided further delay in reaching agreement on the preliminary search terms and custodians, which all agree must happen immediately.

Separately, while we appreciate Plaintiffs' desire to resolve the remaining disputed terms as quickly as possible, Plaintiffs' demand for a response in less than 24 hours is not workable.  Gerber will respond to Plaintiffs' proposal as soon as possible.


Best,


**Sequoia Kaul**  | Law Clerk*
**T**  +1 212 819 8517   **M**  +1 626 379 5996

*Only licensed to practice in New York. Not yet admitted in California.

**From:** Michael Liskow <mliskow@calcaterrapollack.com>
**Sent:** Monday, August 1, 2022 2:38 PM
**To:** Akerblom, Taylor <taylor.akerblom@whitecase.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Kaul, Sequoia <sequoia.kaul@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** RE: Gerber Search Terms

Taylor,

Thank you for your response. As an initial matter, Plaintiffs disagree with your suggestions that any delay in reaching agreement on the search terms is the fault of the Plaintiffs because, *inter alia* (1) Plaintiffs' original proposed set of search terms did not return an unreasonable number of documents for a case of this scope and type (194,684) and Gerber could have simply accepted the original set but instead has made every attempt to whittle down the terms beyond what is reasonable; (2) it was Gerber's choice to break apart the less than 100 original proposed search terms into over 500 terms; and (3) Gerber made no significant attempt to provide additional search terms based on its own understanding of its documents despite Gerber's obligation to do so.  *See, e.g.,* Plaintiffs' July 29, 2022 Motion to Compel (ECF No. 138) at 9-10.

Plaintiffs also disagree with certain positions Gerber appears to have taken in the course of our discussions which are not supported by the FRCP, the Local Rules or normal custom or practice for discovery in Federal Court:

- Gerber's counsel has suggested that once this preliminary set of search terms is agreed to by the parties and Gerber begins collecting documents based on the terms, Gerber will have no further obligation to consider additional search terms or modifications to current terms.  Gerber's counsel has similarly suggested that Gerber would not begin producing documents unless Plaintiffs agree that no further search terms will be added or modified.  But there is no basis for these positions in the FRCP or the Local Rules, and this contradicts the plain language of the ESI Order which addresses "*preliminary* search terms."  *See id.* at 1.

- Gerber's counsel has also suggested that once the preliminary set of search terms is run against the current set of seven custodians no further custodians may be considered.  Gerber's counsel has similarly suggested that Gerber would not begin producing documents until Plaintiffs agree that no further custodians will be considered. But again these positions are not supported by any rule or practice, and there is a high likelihood that other custodians may have relevant information in light of the fact that Gerber has only designated six of the 18 individuals listed on its Initial Disclosures as custodians (while inexplicably not identifying one custodian, Wendy Johnson, on its Initial Disclosures).

As you know discovery is an iterative process that may lead to new lines of inquiry that parties were not previously aware of.  This is certainly the case here where Gerber has so far only produced approximately 2,000 pages of documents, many of which consist of the same documents produced two or three times.  Accordingly, please confirm by August 3, 2022 whether Gerber is going to maintain the above positions.

Plaintiffs further note that Gerber has inexplicably declined to provide a hit list of the specific terms Plaintiffs proposed on 7-21.  Accordingly, please provide the hit list of Plaintiffs' proposed terms apart from "Gerber

Baby" which Plaintiffs agree to omit, as discussed below.  Please also provide (1) the total number of non-duplicative family documents for Plaintiffs' 7-21 proposed terms (minus "Gerber Baby") and (2) the total number of documents in the overall review set (in other words the number of documents against which the search terms are being run).

Plaintiffs have otherwise responded directly in your email below.

Thanks,
Mike

Michael Liskow
**Calcaterra Pollack LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073
mliskow@calcaterrapollack.com
www.calcaterrapollack.com

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may include privileged or otherwise confidential information. Federal and state law governing electronic communications apply.   If you received this message in error, or have reason to believe you are not authorized to receive it, please promptly delete this message and notify the sender by e-mail.  This email, including any attachments, could possibly contain viruses. The receiver assumes all responsibility for checking and deleting any potential viruses.

**From:** Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Sent:** Wednesday, July 27, 2022 2:23 PM
**To:** Michael Liskow <mliskow@calcaterrapollack.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Kaul, Sequoia <sequoia.kaul@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** RE: Gerber Search Terms

Michael,

We appreciate your patience while we worked on a proposal to move this forward.  I note that as to Plaintiffs' new terms, Plaintiffs could have proposed those weeks ago.  Had Plaintiffs done so, I believe we would be much farther along in this process.  As you know, we have a very compressed discovery schedule and we need to come to agreement very soon on search terms so that we can begin reviewing and producing documents.

> **Plaintiffs agree that the Parties need to reach agreement on the preliminary search terms immediately.**

I also note that while you characterize your revisions to the search terms as designed to "further limit the scope of the production," they in fact made little difference to the total number of documents that would need to be reviewed, especially considering that plaintiffs made "concessions" to only 13 terms but proposed revisions significantly expanding the scope of 76 other terms.  And Plaintiffs' new terms would add over 170,000 documents to the universe of documents that would need to be reviewed.  Plaintiffs' new and revised terms are actually increasing the number of documents, prolonging this negotiation, and extending the time in which it will take to review and produce responsive, non-privileged documents.

**Plaintiffs disagree with your characterization of this process for the reasons stated herein.**

Please review our proposal below to resolve the search term negotiations so that we can proceed to review/production.  We believe this proposal is reasonable and proportional to the needs of this case.

## Non-Custodial Data Sources

As we have explained on our calls, Gerber has identified relevant non-custodial data sources (e.g. local/share drives) and we are in the process of collecting and processing documents from these sources.  Because this process is ongoing, and because we could not wait for its completion to begin negotiating terms, the hit reports that have been generated thus far do not reflect ESI from these sources.

**Plaintiffs are surprised that this process is still ongoing as Gerber has already had considerable time to collect and process these documents. Please let us know the date by which the relevant non-custodial data sources will be collected and processed.**

## Hit Report

Attached is a hit report for the preliminary and additional search terms with the modifications outlined below.  The total number of documents after de-duplication, including families, is 140,613.  Gerber reserves its rights to revisit these terms as negotiations move forward and as additional documents from non-custodial sources are added.

**While Plaintiffs agree with Gerber that the search terms may need to be revisited in the future as discovery unfolds, Plaintiffs note that Gerber's position here obviously conflicts with the erroneous position Gerber appears to have previously taken that it does not have to consider further search terms, modifications to those terms, or custodians after agreement on an initial set of terms and custodians.**

## Preliminary Search Terms

## 379/515 Terms (Highlighted Green in Plaintiffs' Chart)

As an initial matter, there are *515* search terms in the preliminary set and there is a very high amount of overlap between these search terms.  Meaning, multiple terms hit on the vast majority of responsive documents.  The 515 search terms, together, create the pool of documents.

**Plaintiffs note that significant overlap between search terms is generally a reason to *not* limit the search terms.  Moreover, to the extent Gerber is suggesting that 515 search terms are an excessive amount of search terms, this was Gerber's choice as Plaintiffs originally provided less than 100 terms which Gerber then decided to break into constituent parts in order to attempt to limit the total documents Gerber would produce.**

Plaintiffs' insistence that each and every one of the 515 search term yield some number of "hits" is not logical, reasonable, or proportional to the needs of this case.

**Plaintiffs have not insisted on that with respect to the green-highlighted terms and Gerber appears to be confusing the much larger set of green terms with the terms highlighted in yellow.**

Using "AND" for all these terms would significantly increase the number of hits on non-responsive documents, unnecessarily drive up costs, and cause significant delay.

**Using "AND" for Plaintiffs' original proposed search terms only resulted in 194,684 family docs, which as Plaintiffs have stated is not an unreasonable hit count for a case of this size and scope.**

As a compromise, Gerber will agree to use "W/30" instead of "W/15" to capture more documents with each search term.  As a further compromise, although not tailored to hit upon responsive documents, Gerber will agree to use "AND" for over 100 terms (noted in the hit report) [**there are actually 99**] where the limited number of documents at issue will not cause significant costs or delay.  As I am sure you are aware, the "W/30" or "W/15" is designed to ensure that words potentially relevant to this case are found closely together in an document, which increases the likelihood that the document is responsive.  That, in turn, speeds the review and production to you of responsive material.

**Gerber's proposal does little to address the problem that many of the original green terms proposed by Plaintiffs, which were reasonable terms, initially resulted in numerous hits, but then when Gerber's 7/17 revised terms applied a limiter of /15, the total hits were often reduced by nearly a factor of 10.  In fact, and as detailed in the attached spreadsheet, in the 364 instances of green terms where the original term returned a significant number of hits (50 or more), Gerber's 7/17 search terms returned a reduction in hits from 90-99.9% for 135 terms, and completely zeroed out another 148 (which averaged 1,895 hits for the original terms). After further consideration Plaintiffs are unclear how this could be possible, which suggests there may be an error in Gerber's application of the revised search terms. As just one example, Plaintiffs' original term [(lead w/5 test\*) & Graduates] was reported by Gerber as having 4,228 hits, while the 7/17 limited version of the term [(lead w/5 test\*) w/15 Graduates] was reported to have zero hits.  If this were correct it would mean that of the 4,228 documents responsive to the original term, *none* of them had the term Graduates within 15 terms of (lead w/5 test\*) which seems statistically implausible if not impossible. For this reason we ask that Gerber recheck the validity of its method of preparing the hit lists.**

**And Gerber's offer to use w/30 instead of w/15 for 280 of the green terms does not do much to correct the situation, because this still results in the same problem for many of these 280 terms –48 still return zero (despite averaging 2,717 hits in the original terms) and 109 more have a reduction in terms of 90-99.9%.  While Plaintiffs have made extensive efforts to find compromise to further narrow the terms, the revised green terms offered by Gerber, as a whole, are not acceptable for these reasons.  Instead, Plaintiffs offer the following final reasonable compromise with respect to the 280 outstanding green terms:**

**- With the minor exception discussed next, Plaintiff will accept Gerber's revised "w/30 term" for any instance where the /30 revised term does not reduce the total hit count by more than 75% from the original term's hit count.  This means that, for example, if an original search term resulted in 100 hits but the /30 revised term resulted in 26 hits, Plaintiffs will accept it, but will not accept the revised term if it resulted in 25 hits or less.  There are 70 revised /30 search terms that reduce the hit count by less than 75%, now**

**highlighted in <u>orange</u>, and Plaintiffs' acceptance of such terms results in a total reduction in the family document count of 622,642.**

**- For the 210 remaining outstanding green terms, it is Plaintiffs' position that Gerber must use Plaintiffs' original proposed search terms in order to assure that a reasonable percentage of responsive documents are produced. Plaintiffs reiterate that the *entire* set of 515 search terms based on Plaintiffs' original proposal resulted in only 194,684 documents, a reasonable amount, so there is no basis for Gerber not to use many of these original terms.**

In response to your email, we note that the term ("Heavy" Metals" W/30 (Congress AND Report)) returns a 7,751 family document count. The only reason this term returned zero hits in a previous report was because the vendor did not properly format the ampersand in (Congress* & Report).

**Please confirm the exact term run as it appears that your stated ("Heavy" Metals") would result in an error due to an additional quotation mark after Heavy.**

## 76/515 Terms (Highlighted Yellow in Plaintiffs' Chart)

·   We will agree to most of plaintiffs' proposed revisions to individual terms (e.g. ("Carrots w/5 "Pickups") instead of ("Diced Carrots Veggie Pickups")).
·   We will agree to use "W/30" for these terms.

**In the interests of compromise Plaintiffs agree to Gerber's modifications to the 76 yellow terms. However, Plaintiffs note that the yellow term from Plaintiffs' prior list of search terms, [(lead w/5 substantial*) AND ("1st Foods" OR "First Foods")], does not appear to have been included in the hit list provided by Gerber. Accordingly, please add Plaintiffs' proposed term to the final preliminary hit list.**

## 12/515 Terms (Highlighted Grey in Plaintiffs' Chart)

·   We have corrected the typo that plaintiffs introduced into the list.
·   We will agree to use "W/30" for these terms.

**Plaintiffs first note that Gerber's 7-27 revised term [(lead W/5 substantial*) W/30 potatos] should have used potato* instead of the misspelled potatos. Please apply the correct term in the final preliminary search terms.**

**And with that change, in the interests of compromise Plaintiffs agree to Gerber's modifications to the 12 grey terms.**

## 13/515 Terms (Highlighted Red in Plaintiffs' Chart)

·   Parties are in agreement.
·   We note that Plaintiffs' statement that their "concessions" "reduced the family document count by a total of 76,043" significantly overstates their actual impact. These concessions did not remove 76,043 documents from the universe of documents that needs to be reviewed. In fact, because of the overlap between search terms, Plaintiffs' concessions barely moved the needle, especially when considered together with Plaintiffs' proposed revisions to expand the scope of 76 other terms.

**Plaintiffs agree the parties are in agreement on the red terms.**

**35/515 Terms (Highlighted Blue in Plaintiffs' Chart)**

·      Parties are in agreement.
·      However, we note that your statements characterizing Plaintiffs' agreement to these terms as a "compromise" is inaccurate as these are the exact terms Plaintiffs initially proposed.  Plaintiffs have not compromised, and instead seem insistent on dragging out this process.

**Plaintiffs agree the parties are in agreement on the blue terms.**

<u>**Plaintiffs' Additional Search Terms**</u>

Plaintiffs' additional terms are overbroad.  We proposed a modification to seven terms based on Plaintiffs' counsel's descriptions during meet and confer calls of the categories of documents Plaintiffs are searching for— (W/30 (consumer OR report OR analy* OR survey OR project*)).

**Despite the fact that Plaintiffs do not believe their original versions of these seven terms were overbroad (and Gerber has not provided information necessary to determine if this is the case), in the interests of compromise Plaintiffs are willing to accept the modifications made to these seven terms.**

While the remaining, unmodified terms in the hit list are not tailored to hit upon responsive and relevant documents, we will agree to run those terms as a compromise.

**Plaintiffs original proposed terms were in fact "tailored to hit upon responsive and relevant documents," and Plaintiffs appreciate Gerber agreeing to use the terms with one request for clarification. Plaintiffs are unclear on how the term apparently run by Gerber, soil sample accuracy (Plaintiff originally proposed "soil sample accuracy" but are fine with not using quotation marks) could return zero hits. This would mean that in the entire set of documents there is not a single use of soil, sample or accuracy, which seems statistically impossible where, for example, [agriculture team W/25 (how to grow W/15 (babies OR children))] returns 44 hits.  Please confirm that there is not an error in the hit list for this search term.**

We do not agree to run the below search terms:

"Gerber baby"
·      This term returned over 89,000 unique documents (including families) and is clearly overbroad and not proportional to the needs of this case.  Reviewing tens of thousands of non-responsive documents (including every document referencing "Gerber baby food") would impose a significant and unnecessary burden on Gerber.  In addition, we don't see the relevance.

**The term "Gerber Baby" is plainly relevant in light of Plaintiffs' clear allegations regarding the marketing icon.  *See, e.g.,* Representative Complaint Para 80 ("Defendant's product packaging uniformly conveys that its Baby Food Products are safe and suitable for consumption by babies and young children. Every package of a Gerber Baby Food Product features the famous "Gerber Baby" that the company is known for. This iconic logo is meant to and does convey that Gerber is a company that cares about the health and safety of children." Despite this term's clear relevance to Plaintiffs' claims, in the interest of compromise, Plaintiffs suggest running the following search term instead:  "the Gerber Baby" .**

(Heavy Metal* OR arsenic OR cadmium OR lead OR mercury) AND ((Position OR angle OR response OR lobby OR strategy OR plan) W/15 (legis* OR law* OR regula* OR program OR rul*))

> This term returned over 47,000 unique documents (including families) and is both overbroad and unnecessary.  Plaintiffs' list already includes terms directed at specific legislation/regulation.

> **Plaintiffs disagree that this search term is overbroad or unnecessary as almost any permutation of this search term would result in a document responsive to RFP 47.  This is particularly the case where Gerber has not, to Plaintiffs' knowledge, agreed to a "go-get" search of documents responsive to RFP 47. To the extent Gerber believes that certain elements of this search term may be returning an inordinate number of hits, Plaintiffs assume that Gerber's document vendor (or whomever Gerber is using to prepare its production) can identify which element or elements are resulting in the most hits (and how many).  Plaintiffs are willing to consider such information in limiting this search term but ultimately feel that the number of hits for the term as Plaintiffs have drafted it is not excessive in light of the importance of any responsive documents and do not believe that the resolution of this search term should delay the finalization of the other preliminary search terms and commencement of production by Gerber.**

<u>Conclusion</u>

**Plaintiffs have offered a more than reasonable compromise above on the preliminary search term list and agree with Gerber that the search terms must be resolved as soon as possible. Accordingly, please let us know by Wednesday August 3, 2022 whether Gerber will accept this compromise or not so we can raise any disagreement over the search terms with the Court if necessary.**

**J. Taylor Akerblom** | Associate
**T** +1 213 620 7861   **M** +1 805 570 6591
**E** taylor.akerblom@whitecase.com
White & Case LLP | 555 South Flower Street, Suite 2700 | Los Angeles, CA 90071-2433

---

**From:** Michael Liskow <mliskow@calcaterrapollack.com>
**Sent:** Wednesday, July 27, 2022 6:38 AM
**To:** Akerblom, Taylor <taylor.akerblom@whitecase.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** RE: Gerber Search Terms

Hello Taylor,

We provided you with the updated search terms to run six days ago. Can we anticipate receiving a response to the below today?

Thanks,
Mike

Michael Liskow
**Calcaterra Pollack LLP**

1140 Avenue of the Americas, 9th Floor


1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073
mliskow@calcaterrapollack.com
www.calcaterrapollack.com

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may include privileged or otherwise confidential information. Federal and state law governing electronic communications apply.  If you received this message in error, or have reason to believe you are not authorized to receive it, please promptly delete this message and notify the sender by e-mail.  This email, including any attachments, could possibly contain viruses. The receiver assumes all responsibility for checking and deleting any potential viruses.

**From:** Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Sent:** Friday, July 22, 2022 6:22 PM
**To:** Michael Liskow <mliskow@calcaterrapollack.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** RE: Gerber Search Terms

Michael,

Thank you for your email.  We are working diligently on this and will respond next week, but we will not be able to respond by Monday due in large part to the number of new and revised terms plaintiffs proposed.

Regards,
Taylor

**J. Taylor Akerblom**  |  Associate
**T**  +1 213 620 7861    **M**   +1 805 570 6591
**E**  taylor.akerblom@whitecase.com
White & Case LLP  |  555 South Flower Street, Suite 2700  |  Los Angeles, CA 90071-2433

**From:** Michael Liskow <mliskow@calcaterrapollack.com>
**Sent:** Thursday, July 21, 2022 12:16 PM
**To:** Akerblom, Taylor <taylor.akerblom@whitecase.com>; Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** Gerber Search Terms

Taylor,

We have had the opportunity to review and analyze your 7/15 hit list of Plaintiffs' 515 proposed search terms and your 7/17 hit list which revised many of the search terms.

As an initial matter, and following up our meet and confer of July 18, Plaintiffs anticipate that Gerber is searching, and will continue to search, the ESI of custodians as well as any relevant shared drives/folders. Please confirm whether this is the case and whether Gerber has identified relevant shared drives. Please also let us know if the ESI reflected in the current hit lists includes ESI sourced from shared drives/folders.

## Revised Search Terms

We understand from your emails that the total number of de-duplicated documents, including families of documents, from the 7/15 hit list is 194,684, while the total for the 7/17 hit list is 114,078.

We are able to agree to some of the proposed revised terms.  However, for the reasons discussed below many of the revised terms are unacceptable because they result in almost no or no hits despite the original search term collecting a significant number of documents. For example, while the important original term Heavy metals AND Congress* AND report returned 11,389 hits in the family document count, Gerber's revised search term Heavy metals w/15 (Congress* & report) returned zero.

The 194,684 documents identified by the 7/15 search terms do not represent an atypical or unreasonable amount of documents for a case of this type and schedule.  Despite this, we have made proposals below to further limit the size of the production.  The proposals refer to the attached spreadsheet which compares the family document counts of the 7/15 terms with their revised 7/17 terms.

- For **13/515** of the terms, highlighted in red, the original terms had a significant number of hits while the revised terms substantially reduced the family document count by a total of 76,043 across the 13 terms prior to deduplication. In the interest of compromise, Plaintiffs are willing to accept the revised terms for each of the 13 terms as part of a global agreement on the 515 search terms discussed herein.

- For **35/515** of the search terms, highlighted in blue in the attached, Gerber did not offer a revised term.  Despite some of the original search terms returning few or no documents, in the interest of compromise Plaintiffs will agree to these original search terms.

- For **76/515** of the search terms, highlighted in yellow in the attached, both Plaintiffs' original terms and Gerber's revised terms returned no documents or nearly no documents. In order to assure that documents regarding these concepts are not overlooked, Plaintiffs have proposed alternative search terms in column F for Gerber to run.

- For **379/515** of the terms, highlighted in green in the attached, the revised terms reduced the total hits by 50% or more, with an average reduction of 94.13%.  Moreover, the revised search terms result in 163 original terms, averaging 1,723 hits, being entirely zeroed out.  Plaintiffs cannot accept this and believe that the original search terms should be applied for these 379 entries.

- **12/515** of the terms, highlighted in gray in the attached, used a misspelling of "potatoes" in both the original and revised search terms. For most of these terms, as with the prior group, even with the misspelling there were a significant number of hits in the original terms that were zeroed our by the revised terms.  Accordingly, Plaintiffs believe the original terms, with corrected spelling, should be used for these 12, and have proposed these corrected search terms in column F.

19

With these concessions proposed by Plaintiffs, plus the fact that the original search term list only resulted in 194,684 in its entirety, we believe that Plaintiffs' proposal for finalizing these 515 search terms is reasonable for all parties.

**Additional Search Terms**

During our July 18 meet and confer, Plaintiffs offered to propose a limited number of additional search terms with respect to certain RFPs for which we appear to be at an impasse. Gerber responded with resistance to adding additional search terms but as Plaintiffs explained this is an iterative process and Plaintiffs have not yet agreed to any final search terms, custodians or whether any specific RFP is more amenable to search terms, a "go-get" search or both. Furthermore, with respect to RFPs relating to "Marketing Documents," it was Gerber who initially stated that the use of search terms was the ideal manner to obtain marketing data instead of Gerber's counsel inquiring with their client as to whether there were centralized repositories of marketing analysis and data. Plaintiffs' position with respect to marketing data is that Gerber's counsel should both search custodial documents with the search terms proposed below as well as speak to Gerber to determine what other relevant marketing data is available through shared sources.

Please provide a hit list for the following search terms:

1. RFPs relating to "Marketing Documents"

    "Gerber Baby"

    "safe and appropriate" w/15 ("babies" OR "children")

    support! w/15 ("brain development" OR "learning ability")

    "made with real fruit"

    "Baked with Whole Grains"

    "100%" w/10 "products" w/10 meet w/10 "FDA requirements"

    "over 100 quality checks"

    "5 different stages of safety and quality checks"

    "farm to spoon"

    Require! w/15 strict! w/15 world

    "agriculture team" w/25 "how to grow" w/15 ("babies" OR "children")

    (health OR safety) w/15 "highest priority"

    "Keeping Soil in the Family"

    "Big Standards for Tiny Tummies"

    Conjoint*

2. RFP No. 57 – Documents regarding Gerber's position on legislation regarding Heavy Metals and baby foods.

> (("Heavy Metal*) OR "arsenic" OR "cadmium" OR "lead" OR "mercury") AND (("Position" OR "angle" OR "response" OR "lobby" OR "strategy" OR "plan") w/15 ("legis*" OR "law*" or "regula*" OR "program" or "rul*")

> "Closer to Zero"

> "Baby Food Safety Act"

3. Additional Terms

> "alternat*" /5 "irrigat*"

> "wet*" /5 "irrigat*"

> "dry*" /5 "irrigat*"

> "soil sample accuracy"

We look forward to your response and ask that any updated hits list be provided by July 25.

Thank you,

Michael Liskow
**Calcaterra Pollack LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073
mliskow@calcaterrapollack.com
www.calcaterrapollack.com

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may include privileged or otherwise confidential information. Federal and state law governing electronic communications apply.  If you received this message in error, or have reason to believe you are not authorized to receive it, please promptly delete this message and notify the sender by e-mail.  This email, including any attachments, could possibly contain viruses. The receiver assumes all responsibility for checking and deleting any potential viruses.

**From:** Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Sent:** Monday, July 18, 2022 12:43 AM
**To:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; Michael Liskow <mliskow@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema

<deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** RE: Gerber Baby Food - Heavy Metals

Counsel,

Further to my previous email, attached please find the preliminary list of search terms modified such that "w/15" replaces "AND" in the "Searches" column.  Also attached is an updated hit report.  The total number of documents in the updated hit report is 114,078. We think this will expedite the review and production of documents.  We look forward to speaking with you tomorrow.

Regards,
Taylor

**J. Taylor Akerblom**  |  Associate
**T** +1 213 620 7861    **M**  +1 805 570 6591
**E**  taylor.akerblom@whitecase.com
White & Case LLP  |  555 South Flower Street, Suite 2700  |  Los Angeles, CA 90071-2433

---

**From:** Akerblom, Taylor
**Sent:** Friday, July 15, 2022 4:28 PM
**To:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; Michael Liskow <mliskow@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** RE: Gerber Baby Food - Heavy Metals

Counsel,

Per the ESI Protocol, attached is a hit report for the preliminary search terms.  The total number of documents returned by the preliminary search terms is 194,684.

Based on our initial review of the report, some of the terms hit on a large number of documents.  We are looking at these results and will consider ways to modify the terms so as to expedite review and production of the documents.  We plan to work on this over the weekend and will share a revised list of search terms and an updated hit report before our call on Monday.

Regards,
Taylor

**J. Taylor Akerblom**  |  Associate
**T** +1 213 620 7861    **M**  +1 805 570 6591
**E**  taylor.akerblom@whitecase.com
White & Case LLP  |  555 South Flower Street, Suite 2700  |  Los Angeles, CA 90071-2433

---

**From:** Abini, Deema <deema.abini@whitecase.com>
**Sent:** Thursday, July 14, 2022 7:29 PM
**To:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Akerblom, Taylor <taylor.akerblom@whitecase.com>; Janine Pollack <jpollack@calcaterrapollack.com>; Michael Liskow <mliskow@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>;

Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** RE: Gerber Baby Food - Heavy Metals

Doug,

Thanks for your email.  We'd proposed a call to discuss Plaintiffs' interrogatories on Friday or Monday, and I'm glad we were able to find a time that works for everyone on Monday.

Attached please find a response letter regarding Plaintiffs' RFPs and your email below of July 12, as promised.

We will check our schedules with respect to scheduling for a follow-up discussion.

Thanks,
Deema

**Deema Abini** | Associate
**T** +1 213 620 7732   **M** +1 727 643 5665   **E** deema.abini@whitecase.com
White & Case LLP | 555 South Flower Street, Suite 2700 | Los Angeles, CA 90071-2433

**From:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>
**Sent:** Thursday, July 14, 2022 4:27 PM
**To:** Abini, Deema <deema.abini@whitecase.com>; Akerblom, Taylor <taylor.akerblom@whitecase.com>; Janine Pollack <jpollack@calcaterrapollack.com>; Michael Liskow <mliskow@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** RE: Gerber Baby Food - Heavy Metals

Deema, Plaintiffs were deeply disappointed about pushing off the discussion of on Gerber's interrogatories an entire week from when our letter was sent. After reaching out to Taylor, we understand Gerber is at work on a response to the letter, and will update its positions on the RFP objections today or in the morning tomorrow. We look forward to reviewing that. Taylor was also able to update me that a very preliminary hit report was imminent.

In light of those assurances, Plaintiffs agree to put off the meet and confer to Monday at 3 pm ET to discuss the interrogatory objections. My colleague, Brian Johnson, will send the invite.

We suggest a follow-up discussion for Wednesday afternoon to resolve any remaining issues as to either party's objections on their respective RFPs, so if an impasse occurs, either party can file something with Judge Anderson by next Friday.

Finally, please see attached a 30(b)(6) notice addressing testing of the ingredients and products at issue. Plaintiffs hope any objections Gerber has may be addressed on Wednesday as well. Thank you for your cooperation.

**Douglas J. McNamara**
Partner

COHENMILSTEIN

**Cohen Milstein Sellers & Toll PLLC**

1100 New York Ave. NW  |  Fifth Floor
Washington, DC 20005
phone 202.408.4600
fax 202.408.4699

**website | map**

**Powerful Advocates. Meaningful Results.**

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*

---

**From:** Abini, Deema <deema.abini@whitecase.com>
**Sent:** Thursday, July 14, 2022 3:29 PM
**To:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Akerblom, Taylor <taylor.akerblom@whitecase.com>; Janine Pollack <jpollack@calcaterrapollack.com>; Michael Liskow <mliskow@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** [EXTERNAL] RE: Gerber Baby Food - Heavy Metals

Hi Doug,

Would 3p EST on Monday work with your schedules?  We are running into conflicts on Friday.

Thanks,
Deema

**Deema Abini**  |  Associate
**T** +1 213 620 7732    **M** +1 727 643 5665    **E** deema.abini@whitecase.com
White & Case LLP  |  555 South Flower Street, Suite 2700  |  Los Angeles, CA 90071-2433

**From:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>
**Sent:** Thursday, July 14, 2022 6:26 AM
**To:** Akerblom, Taylor <taylor.akerblom@whitecase.com>; Janine Pollack <jpollack@calcaterrapollack.com>; Michael Liskow <mliskow@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** RE: Gerber Baby Food - Heavy Metals

Thanks, Taylor. We appreciate Gerber working diligently on these issues and look forward to a response today regarding the requests for production. Friday at 11am works for a meet and confer on the interrogatory objections. If that is acceptable, I will send an invite.

**From:** Akerblom, Taylor <taylor.akerblom@whitecase.com>
**Sent:** Wednesday, July 13, 2022 8:28 PM
**To:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Janine Pollack <jpollack@calcaterrapollack.com>; Michael Liskow <mliskow@calcaterrapollack.com>; GCastello@KelleyDrye.com; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Rosemary Rivas <rmr@classlawgroup.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Cc:** Merryman, Bryan <bmerryman@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Hogue, Frank <fhogue@whitecase.com>; Abini, Deema <deema.abini@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Subject:** [EXTERNAL] RE: Gerber Baby Food - Heavy Metals

Counsel,

We are working diligently to fully consider and respond to Plaintiffs' 10-page meet and confer letter sent around 2am EST on Monday, taking into consideration the progress made during our meet and confer Monday afternoon, and move forward with discovery as efficiently as possible.  We remind you that we offered to discuss Gerber's responses to Plaintiffs' interrogatories during our call on Monday, but you declined.  Any motion to compel Gerber's responses to Plaintiffs' interrogatories at this stage is premature.

We attempted to start the meet and confer process over two weeks ago.  Plaintiffs took nine days to respond to our email regarding search terms and custodians, and did so only after we raised Plaintiffs' lack of a response on our July 6, 2022 call.  Although the parties are still working to resolve issues regarding the scope of discovery, Gerber produced 2,400 pages of documents on Tuesday.  As requested, we are also working to assemble additional "priority" documents for production.  We have demonstrated our willingness to meaningfully confer with you and will continue to do so.

We believe the interests of both parties are best served by working toward resolving these issues in an efficient and collaborative manner, and escalating matters to the court only where it is clear an impasse has been reached.  We intend to respond regarding Plaintiffs' RFPs by tomorrow, and are available for a call to discuss Plaintiffs' RFPs and interrogatories on Friday or Monday.

Regards,
Taylor

**J. Taylor Akerblom**  |  Associate
**T**  +1 213 620 7861    **M**  +1 805 570 6591
**E**  taylor.akerblom@whitecase.com
White & Case LLP  |  555 South Flower Street, Suite 2700  |  Los Angeles, CA 90071-2433

**From:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>
**Sent:** Wednesday, July 13, 2022 2:12 PM
**To:** Akerblom, Taylor <taylor.akerblom@whitecase.com>; Janine Pollack <jpollack@calcaterrapollack.com>; Havlin, Kim <kim.havlin@whitecase.com>; Michael Liskow <mliskow@calcaterrapollack.com>; Merryman, Bryan <bmerryman@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>
**Cc:** Rosemary Rivas <rmr@classlawgroup.com>; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Subject:** RE: Gerber Baby Food - Heavy Metals - M&C summary for 7/11/22

Dear Counsel:

We are disappointed that despite stating it would meet and confer with us on Tuesday or Wednesday on our extensive letter with respect to Gerber's objections to Plaintiffs' interrogatories, Gerber let both days pass without contacting us or providing a time. Please provide availability for Thursday morning so we may determine if Plaintiffs need to draft and file a motion to compel this Friday on the unanswered interrogatories.

Also, Plaintiffs still await an answer on whether Gerber will withdraw its objections on Plaintiffs' requests for production, and if so, an updated response. As noted previously, we ask that Gerber provide the updated responses by Thursday at noon. Thank you for your cooperation.

**Douglas J. McNamara**
Partner

COHENMILSTEIN

**Cohen Milstein Sellers & Toll PLLC**

1100 New York Ave. NW  | Fifth Floor
Washington, DC 20005

phone 202.408.4600
fax 202.408.4699

**website**  | **map**

**Powerful Advocates. Meaningful Results.**

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*

---

**From:** Douglas J. McNamara
**Sent:** Tuesday, July 12, 2022 3:53 PM
**To:** Akerblom, Taylor <taylor.akerblom@whitecase.com>; Janine Pollack <jpollack@calcaterrapollack.com>; Havlin, Kim <kim.havlin@whitecase.com>; Michael Liskow <mliskow@calcaterrapollack.com>; Merryman, Bryan <bmerryman@whitecase.com>; Mims, Kathryn <kathryn.mims@whitecase.com>; Godar, Katherine <katherine.godar@whitecase.com>; GCastello@KelleyDrye.com
**Cc:** Rosemary Rivas <rmr@classlawgroup.com>; Steven J. Toll <SToll@cohenmilstein.com>; Mark Troutman <mht@classlawgroup.com>; Brian E. Johnson <BEJohnson@cohenmilstein.com>; Jennifer Horowitz <jhorowitz@cohenmilstein.com>
**Subject:** Gerber Baby Food - Heavy Metals - M&C summary for 7/11/22

Thank you for your time yesterday on our meet and confer regarding Gerber's objections to Plaintiffs' First Set of RFPs and Interrogatories. We also discussed search terms for ESI.
Plaintiffs' main takeaways:

1) Plaintiffs made some suggestions for prioritization of documents to cut through Gerber's primary objections on the grounds of breadth, burden, etc. and Gerber's objections to the definitions of products and marketing claims. Plaintiffs suggested prioritizing testing results to (a) finished products with rice flour, carrots, sweet potatoes, grape juice and apple juice, and (b) certain ingredients (rice flour, carrots, sweet potatoes, grape juice and apple juice). Please confirm your understanding.

2) Plaintiffs suggested prioritizing document types to a) testing, b) sales data, and c) market research (including consumer surveys with conjoint studies) relating to the Baby Gerber logo, the development stage statements, and heavy metals. Defense Counsel was to ask Gerber if these documents are easily accessible for gathering or whether they have to go through email to locate and will get back to us. Please confirm your understanding and update us.

3) The parties agreed to search terms with the exception of some dealing with medical conditions. Plaintiffs asked Gerber to run them anyway to see if there is even a fight to be had. Please advise if Gerber is running those terms.

4) Gerber indicated it would commence the search with the agreed up terms. Plaintiffs requested the hit report this week and a time to meet and confer on the results. Please update us if Gerber has an estimate when a hit report may arrive.

5) Gerber informed us that it was producing labeling and documents provided to the AGs and House (about 1700 pages). We received these but did not locate any communications with the Alaska AG. Please advise.

6) Plaintiffs requested a written update of its RFP responses so Plaintiffs' know which if any objections Gerber has withdrawn and what RFPs it is actually answering. Gerber had asked for a similar written document from us after the July 6th meet and confer on Plaintiffs' objections to Gerber's discovery requests, which Plaintiffs supplied. Gerber was to get back to us. Please update what if any objections Gerber will maintain in its RFP responses by Thursday at noon so we may decide whether to raise with Judge Anderson.

7) Gerber was to review and digest Plaintiffs' responses to Gerber's interrogatory objections and provide a time for a meet and confer on Tuesday or Wednesday. We remain available. Given the overlap with many of the objections to documents, Plaintiffs would like to resolve which if any objections Gerber will maintain before Friday. Please advise.

Thanks you for your cooperation in this matter.

**Douglas J. McNamara**
Partner

**COHEN**MILSTEIN

**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave. NW  | Fifth Floor
Washington, DC 20005
phone 202.408.4600
fax 202.408.4699
**website** | **map**

**Powerful Advocates. Meaningful Results.**

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*

===========================================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


===========================================================================

===========================================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


===========================================================================

===========================================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


===========================================================================

===========================================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


===========================================================================

===========================================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


===========================================================================

===========================================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

============================================================================

============================================================================

This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

============================================================================

============================================================================

This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

============================================================================

============================================================================

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call (202) 626-3600. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

============================================================================