**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| IN RE: GERBER PRODUCTS COMPANY HEAVY METALS BABY FOOD LITIGATION | Master File No. 1:21-cv-00269 (MSN/JFA) |
| This Document Relates to ALL Cases | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER**

Plaintiffs write in reply to Gerber's Response to Plaintiffs' Motion for an extension of the discovery deadlines and all other deadlines in the case (the "Response," ECF No. 204). Plaintiffs note the critical fact that Gerber does not oppose the requested extensions.[1] Plaintiffs also seek to briefly correct certain points in Gerber's Response while further showing how Plaintiffs will be prejudiced in the absence of the requested extensions.

First, Plaintiffs do in fact contend, as they have in their prior motion to compel, *see* ECF No. 162-1, that Gerber has been dilatory in certain respects on the discovery process, in at least two ways relevant to Plaintiffs' Motion. First, Gerber concedes it did not comply fully with the September 9, 2022 substantial completion deadline for the seven "Priority Custodians" due to "an isolated incident where Gerber's document vendor ultimately classified a set of documents collected from a cloud-based storage platform as custodial, instead of non-custodial." Response at 1. Second, Gerber now says that it will produce an indeterminately-sized "clean up production"

---

[1] Gerber complains that it was "not provided with a draft of the Motion nor was Gerber aware that the Motion would mischaracterize Gerber's discovery conduct as somehow dilatory." Response at 1. However, Plaintiffs did not provide Gerber with a draft of the motion because Gerber did not request that it be sent a draft. *See* Ex. A at 1-2.

1

on October 14, 2022, a full week after the deadline for substantial completion ordered by the Court, a day after the deposition of priority custodian Basharat Khalil is scheduled to occur and only five days before the deposition of priority custodian Lyle Pater is scheduled to occur. *Id.* at 2. These issues further demonstrate that the short extension requested by Plaintiffs is warranted to avoid prejudice to them.

An additional issue has arisen regarding the Court-ordered deadline for producing rolling privilege logs in this action. The Stipulation and Order Regarding Discovery of Electronically Stored Information so ordered by the Court on June 27, 2022 (the "ESI Order," ECF No. 123), requires at paragraph 23 that "[w]ithin 21 days of the production of documents *from which privileged documents are withheld*, the producing party will produce a privilege log in Microsoft Excel format." *Id.* at 9 (emphasis added). The specific phrasing of this provision, contemplating a series of rolling privilege logs provided within 21 days after each production, was carefully negotiated by the parties, with Gerber contending at one point that the 14-day period proposed by Plaintiffs for providing privilege logs after each production was insufficient because "[w]ith *rolling productions*, it is simply not feasible to produce a log 14 days *after each production*." *See* Ex. B (June 23, 2022 redline of edits to draft ESI Protocol) at 9 (emphasis added).[2] This means that, for example, Gerber was required to produce a privilege log of purportedly privileged documents from the "Priority Custodians" within 21-days of the September 9, 2022 deadline for substantial completion of Priority Custodian documents set by the Court. *See* ECF No. 140. Put another way, the ESI Order requires the parties to *determine* whether certain documents were

---

[2] The parties retained this provision while ultimately agreeing on a 21-day period as a compromise. *See* ESI Order at 9.

privileged or not by the substantial completion deadline for such documents, and then provides the parties 21 days to create the privilege log for that specific production.

But on September 9, 2022, Gerber emailed Plaintiffs with a link to a production of 14,207 documents, including many from Priority Custodians, stating that it had "identified a number of documents in the files of the priority custodians that are presumptively privileged. Our review of those materials is ongoing and may result in the production of additional documents from their files." Ex. C at 5. Concerned that this did not comply with the Court's ESI Order, on September 12, 2022, Plaintiffs responded by email in pertinent part that "[Gerber's September 9, 2022 email] indicates that some indeterminate amount of documents are being withheld for further review that are 'presumptively privileged' but Plaintiffs' understanding of the Court's [ESI Order] is that the privilege review should have been substantially completed by September 9." Ex. C at 7. To clarify the situation, Plaintiffs reasonably requested that Gerber provide, *inter alia*, the "total number of [Priority Custodian documents matching the agreed-to search terms Gerber] has not yet produced because they are being further reviewed for privilege." *Id.*

In a response email dated September 14, 2022, Gerber stated this request for more information was "unwarranted discovery into discovery," and that:

> The privilege review in this case is exceptionally time-consuming and burdensome, in large part because a significant portion of documents hit upon by the search terms are dated after the commencement of litigation against Gerber. Gerber has *dedicated a separate workstream to the privilege review, and has added additional resources to the review team for this purpose*. We continue to *diligently review documents for privilege*, but have prioritized the production of non-privileged documents to plaintiffs in order to move discovery forward as quickly and efficiently as possible.
>
> To that end, please let us know whether plaintiffs will agree that privileged communications dated after the commencement of litigation need not be logged on the privilege log. Plaintiffs' agreement on this point will speed the production of the privilege log and free up reviewer resources to focus on producing responsive and non-privileged documents.

3

Ex. C at 6 (emphasis added). Plaintiffs promptly responded on September 16, 2022 in pertinent part that:

> [T]he process of Gerber determining whether substantially all of the priority custodians' responsive documents were privileged was required to conclude as of September 9, 2022 by Court order. Gerber has had months to complete this process in light of the priority custodians' files being collected months ago. Plaintiffs also do not agree that the burden of creating a privilege log in this case is atypical from any other case in this District as it is unavoidably the case that there are often numerous potentially privileged documents created after the start of litigation, often related to the litigation itself.
>
> Plaintiffs agreed to mitigate this burden on the parties through paragraph 23(a) of the ESI Protocol, which excludes Parties' "communications with outside/litigation counsel" from needing to be included in the privilege log. Plaintiffs do not otherwise agree to limit the contents of the privilege log, which for the priority custodians' documents and others produced on September 9, 2022, Defendant will have until September 30, 2022 to complete, leaving Plaintiffs little time to review and, if necessary, contest any privilege log entries before potentially having to depose the priority custodians.

Ex. C at 6. On September 20, 2022, Gerber replied in pertinent part that:

> We have prioritized the production of non-privileged documents to plaintiffs in order to move discovery forward as quickly and efficiently as possible. We disagree with the deadline you seek to impose in your email. *Once we complete our privilege review*, we will serve a privilege log *as required by the ESI protocol*.

Ex. C at 1 (emphasis added).

On September 30, 2022, the deadline for Gerber to produce its privilege log for the Priority Custodians, no privilege log was produced by Gerber nor was any explanation provided. Accordingly, on October 3, 2022, Plaintiffs wrote Gerber as follows:

> The ESI Protocol ordered by the Court on June 27, 2022 (attached) requires that "Within 21 days of the production of documents from which privileged documents are withheld, the producing party will produce a privilege log in Microsoft Excel format." In other words, the Court order requires that privilege logs be provided 21 days after each production reflecting all documents withheld on the basis of privilege. Gerber has failed to timely provide a privilege log for its September 9, 2022 production of 14,207 documents, despite saying in the cover email for the production that Gerber had "identified a number of documents in the files of the priority custodians that are presumptively privileged. Our review of those materials is ongoing and may result in the production of additional documents from their files." Gerber's privilege log for any documents withheld as privileged, which should have included any documents from the seven priority custodians

> withheld on the basis of privilege, was due Friday September 30, 2022, but Plaintiffs have not received it. Moreover, Gerber has not provided a privilege log for any documents produced on August 31, 2022, August 26, 2022 or July 12, 2022.
>
> For each these productions, by close of business today, please either (1) provide Plaintiffs with the privilege log or (2) confirm that no documents were withheld as privileged from such production.

Ex. D at 1-2. Gerber responded by email on October 5, 2022 that it would not produce any privilege log until October 28, 2022 (21 days after its October 7 production):

> [a]s we previously explained, Gerber has not withheld privileged documents from its productions to date. We have additionally been clear that our privilege review is ongoing. Once we complete our privilege review (i.e., *determine what documents are to be withheld*), we will serve a privilege log as required by the ESI protocol. We expect to complete that review by *October 7, 2022*.

Ex. D at 1 (emphasis added); *see also* Response at 2 ("Gerber expects to complete its privilege review by October 7, 2022, and will serve its privilege log within 21 days.").

As such, as of today, Gerber has not produced any privilege log and will not do so until October 28, 2022. This highlights the need for the extensions requested by Plaintiffs.

Dated: October 6, 2022  By:  */s/ Steven J. Toll*

Steven J. Toll
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Rosemary M. Rivas
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9700
Facsimile: 510-350-9701

Janine Pollack
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Telephone: 212-899-1765
Facsimile: 332-206-2073

*Plaintiffs' Interim Co-Lead Counsel*